RECEIVED
*KL*
OCT - 8 2021
U.S.C.A. 3rd. CIR

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

**Case Number:** *21 - 1213*

**Case Name:** *Abraham Ituah (Appellant)*
*v.*
*City of philadelphia et al (Appellee).*

### INFORMAL BRIEF

**<u>DIRECTIONS:</u>** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. <u>The total number of pages cannot exceed 30.</u> Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court or agency are you appealing?

*District Court Case No. 2-19-CV-05088*
*District Court ✓ No 17-2562*

What is the date of the order(s)?

*December 29, 2020*

When did you file your notice of appeal or petition for review?

*Timely entered on 2/4/2021*

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

A) Appellant filed lawsuit against Appellees for violating his fundamental rights guaranteed by the U.S. Constitution pursuant to 42 U.S. codes 1983. Civil actions for deprivation of rights both expressly confer Jurisdiction upon the District Court.

B) Appellant timely and properly challenge the decision or order of the District Court.

C) The District Court decision refused to recognize Appellants timely and properly demand Jury trial thereby violating Appellant fundamental rights under Rule 38 of FRCP declared by the 7th amendments

**3. Statement of facts**: Explain the facts and events that led to the complaint in the District Court or the action before the agency.

A) Appellees collectively and intentionally caused Appellant harms both financially and psychologically to the extent that he is now on life time medication and he had to file chapter 13 bankruptcy 3 times. Appellant is permanently placed on anti depression drugs called fluoxetine because of the extreme state of depression. Consequently, Appellant suspended Doctorate degree due for completion in 2016 because of the illnesses and frustrations inflicted by Appellees and Appellee's agents.

B) James Zwolak Esquire, is the city tax default attorney I understand that he has been serving in that capacity for 20 years. He discriminated against Appellant because of my race and National Origin and engaged in unfair practices by conniving with Cynthia Stavrakis to fraudulently sell Appellant property to Cynthia Co-Greek citizen (investor). James Zwolak Esquire acknowledged Cynthia Stravrakis actions and removed her from the position to unknown location in order to silence the atrocities. Appellant complained to the state inspector general's office and had interview with one of the Attorneys, who advised that I should meet with James Zwolak to ask for the return of the property but James declined to meet with me for discussion.

C) Since Appellee Zwolak refused to meet with Appellant. Appellant had to file a motion to set aside the sheriff sale. Cynthia Stavrakis filed an answer and Appellant motion was denied. Appellant filed motion for reconsideration. Cynthia Savrakis responded and the motion was again denied. Appellant filed motion to redeem the property since the state law allowed up to 1 year to redeem the property. The state court denied my motion thereby violating Appellant right to ownership private property guaranteed by the constitution. Appellant filed an appeal and pointed out on the court docket many unusual entering and sheriff dishonesty in the manner they claimed that service was delivered to justify a good service. There was no evidence of service by registered mailed that Appellant signed to justify a good service. Therefore without proper due process

Appellant property that worth about $350000 was sold for $34,500 and only $11,112.54 was paid to Appellant on August 2018 after Appellant filed 2nd Bankruptcy in New York. Appellees began to retaliate against Appellant because of the out of state action. Consequently, the legal and revenue departments supervised by James began to frustrate Appellant and falsify accounts, recorded Judgements, liens, penalties created accounts that Appellant didn't own. Appellees Sanchez Carmen, the tax analyst intentionally improperly applied money paid to keep Appellant in debt. Appellee hired many outside collection agencies like pioneer credit recovery and others to harass Appellant all day requesting payments.

D) Appellant 2nd chapter 13 Bankruptcy was file in New York to place the remaining properties owned under bankruptcy protection. As soon as the bankruptcy was dismissed in November 2018. Appellee Brenda J. Philbin and Joseph Carrol issued a violation to condemn Appellant property in December 28, 2018 knowing that my bankruptcy protection was over.

E) Appellee Brenda filed emergency action with the Common Pleas Court on January 3$^{ru}$ 2019 to demolish Appellant only income property that was licensed to rent as a 4 unit building. The State Court granted Appellee requested on January 3 2019 without evidence of a valid notice of assessment from a competent and qualified officer of License and inspection department issuing assessment certificate to demolish. Appellant building was demolished without considering Appellant reports prepared by Ph.D Structural Engineer and experienced building contractor in favor of repairs. As a result, Appellant timely filed an appeal on 1/3/2019 the same day the hearing was heard. Appellee ignored Appellant appeal filed and demolished the building within two weeks. Consequence, Appellant lost $2100 monthly revenue and caused Appellant to have illnesses and financial problems.

F) Appellee, and Pemela E. Thurmond the bankruptcy lawyer cooperated with Mr. Zwolak to cause Appellant more financial harm by creating a list of judgments, liens, penalties and other charges of about 29 items and declared them unsatisfied. Meanwhile $143000 was collected from the 5 settlements of Appellant properties to satisfy all existing liabilities. In addition, Pemela presented the unsatisfied lists to Bankruptcy Judge and connives with Appellant Attorney hired on 1/6/2020 to file motion to dismiss Appellant bankruptcy petition on September 2020 and it was granted. Appellant objected to the payment demanded for the ineffective representation but Pemela testified in favor for Appellant Attorney before the Bankruptcy Judge and a fee of $10500 was granted for the 8 months representation.

G) Appellee, unknown policeman violated Appellant constitutional rights by unlawfully declaring Appellant property condemned and harassed the tenant even before the citation was issued by License and Inspection department. In the same way, Appellant car parked at the rear of my property at 419 W. Godfrey Avenue was towed without prior notice or citations.

H) Appellee, Roslyn Speller, who is in charge of water billing continued to generate bills from the properties owned by the appellant. The most disturbing bill was for Appellant vacant property at 5229 Germantown Ave. Apellant personally asked the appellee to turn off the water because the building was vacant. She said she 'would not because someone will pay for it' At the end $30,000.00 was demanded from Appellant at the time the property was sold. Appellee presently created a bill for the address at 33 S. 53$^{rd}$st over $6000 that was already paid as judgment at settlement from the sale of Appellant 5 properties previously sold and Appellee collected $143,000.00 but refused to update their records.

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number. YES.

Case No 16- 05772 Abraham Itvah V. City g Philadelphia et al.
Case No 47CD 2019 City g philadelphia V. Abraham Itvah

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.

NO

**5.** Did the district court or the agency incorrectly decide the facts of your case? YES If so, what facts?

Appellant demanded a Jury trial but Judge Gerald J. Pappert ignored Jury trial demand. Article III constitutional court is desired and remands this action to that constitutional court for trial to decide the Appellees constitutional violations which Appellant properly alleged on complaint and the damages inflicted upon Appellant without proper due process.

**6.** Did the district court or the agency apply the wrong law (either cases or statutes)? *YES*
If so, what law do you want applied?

A) First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth Article of the Constitution for the
United States of America
B) 28 U.S.C. 1691: To be valid, all court orders must bear the seal of the court and the
signature of the clerk of the courts

7. Are there any other reasons why the district court's judgment or the agency's decision was wrong? __YES__

If so, briefly state these reasons

The District Court erred and abused its discretion by refusing Appellant fundamental right to be heard on the issues in the following ways.

A) Judge Grerald J. Pappert refused to recognize that status conferring original jurisdiction upon the District Court of the United States must be strictly construed and may not be redefined any terms used in the constitution of the U.S.A. (Supreme Court0

B) Judge Gerald J. Papport was prejudiced against the Appellant and refused to consider Appellant fundamental  rights guaranteed by the constitution of the U.S.A. see 28 USC 292 and intentionally omitted Cynthia Stavrakis attrocities. The best available remedy Appellant request is for this CIRCUIT Court to order the instant case transferred to the First Judicial District Court in Philadelphia county or anywhere else, for further proceedings in the court of competent jurisdiction to that constitutional court for trial by jury to decide Appellant complaint claims. which properly alleged actual damages inflicted upon Appellant to date

8. What action do you want the Court of Appeals to take in this case?

A)Certify to the Chief Justice the need to assign a credentialed article III Federal Judge in Eastern District Court of U.S. Judicial district of Pa. An article III constitutional court and remand Appellant action to that constitutional court for trial by jury to decide the Appellant claims which properly alleged actual damages inflicted upon Appellant to date by all Appellees.  See 28 USC 293.296 and 461 (b)

B) In addition. Appellant hereby requests that the first Judicial Court of Eastern District issue a temporary restraining order against Appellees to stop collecting the cost of demolition of 508 W Tabor Road and return of 3843 Fairmount Avenue both events was taken by the Appellees without proper due process as well as stop the Appellee from collecting excessive personal income tax liability that Appellee fraudulently created without accounting records showing how the requested amount was owed and their intentional actions to ignore the decision of the state tax bureau. Appellant like to request also a statement showing where the $143,000.00 collected at settlement was credited by the Appellees and to provide accounting statement of the additional payments of over $50,000.00 Appellant paid but Appellees Sanchez Carmen intentionally applied the payment inappropriately to keep Appellant in debt to the extent that Appellant resident is under attack with excessively tax bills of about $15000 for 419 W Godfrey Avenue, the same location Appellant car was illegally towed by the police. Appellant hereby demands reports of all money collected by Appellees appointed collection agents.

CONCLUSION: For the aforementioned reasons, Appellant respectfully requests this Court to reverse the decision rendered by the United States District Court for the Eastern District of Pennsylvania and hear the merits of the case by jury trial

Dated: October 7, 2021                                          Respectfully submitted

# PROOF OF SERVICE

I certify that on _10/7/2021_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Abraham Itaah, 419 W. Geoffrey Ave, Philadelphia PA 19120
City of Philadelphia
James Zwolak Esg. (Law Department)
Brenda J. Philbin Esg.
Carmen Sanchez - Tax Analyst
Rosslyn Spelley - State Revenue
Police Departments
Pamela Elchert Thurmond esg.
1515 Arch Street
Philadelphia   PA 19102

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _____ (date) for forwarding to the Court of Appeals.  I certify under penalty of perjury that the foregoing is true and correct.  28 U.S.C. §1746.

_____
Signature

Dated: _10/7/2021_

Rev. 06/2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

        *Plaintiff,*

    v.

CITY OF PHILADELPHIA, *et al.*

        *Defendants.*

CIVIL ACTION
NO. 16-05772

FILED JAN 1  2017

## ORDER

**AND NOW**, this 11th day of January, 2017, upon consideration of Defendants' Motion

for Extension of Time to File Answer to Plaintiff's Complaint (ECF No. 5), it is hereby

**ORDERED** that the motion is **DENIED** as moot.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1]    Plaintiff Abraham Ituah filed his complaint on November 7, 2016. (ECF No. 1.) Defendants, the City of Philadelphia and Jewell Williams, filed their motion for an extension on December 15, 2016, requesting twenty additional days to respond to Ituah's complaint. (ECF No. 5.) The case was reassigned from Judge Jones on January 6, 2017. (ECF No. 7.) Defendants filed their motion to dismiss the complaint on January 4, 2017, (ECF No. 6), obviating the need for the Court to rule on their request for additional time to do so.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

    *Plaintiff,*

  v.

CITY OF PHILADELPHIA, *et al.,*

    *Defendants.*

CIVIL ACTION
NO. 19-05088

## ORDER TO RESPOND TO MOTION TO DISMISS

  **AND NOW**, this 17th day of November 2020, it is hereby **ORDERED** that Plaintiff Abraham Ituah shall **RESPOND** to Defendants' Motion to Dismiss on or before **Monday, November 30, 2020**.  Failure to respond may result in dismissal of the complaint.

       BY THE COURT:

       */s/ Gerald J. Pappert*

       GERALD J. PAPPERT, J.

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

    *Plaintiff,*

  v.

                 CIVIL ACTION
                 NO. 19-05088

CITY OF PHILADELPHIA, *et al.*,

    *Defendants.*

**PAPPERT, J.**               **December 29, 2020**

### MEMORANDUM

  Abraham Ituah, acting *pro se*, sued the City of Philadelphia and individual City employees for allegedly violating his constitutional rights. The Court previously dismissed all claims in Ituah's Complaint, some with prejudice and others without. Ituah filed an Amended Complaint and the Defendants again move to dismiss. The Court grants the Motion and dismisses all claims.

I

  Ituah omits from the Amended Complaint many of the factual allegations in the Complaint. The Court, understanding that those are the facts upon which he relies, will refer to both complaints when recounting the facts here. Ituah is reminded, however, that he must plead all facts relevant to his claims in any future pleadings. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).

1

individuals in an unprotected class; nor does he allege that race or national origin motivated Zwolak's refusal.

Second, *res judicata* prevents Ituah from maintaining a claim against Zwolak for not returning the 3843 Fairmount Avenue property. Sale of that property has been thoroughly litigated and resolved in the state court. At least twice, Ituah asked the court to set aside the City's sale of the 3843 Fairmount Avenue property. *See Ituah*, 2017 WL 2079888, at *7. The state court denied this relief each time. *See id.* Because Ituah has litigated this issue against the City in state court, *res judicata* bars him from re-litigating it now. *See id.*; *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (Pa. 1995).

## B

Carmen Sanchez moves to dismiss Ituah's claim that she is intentionally manipulating and inaccurately computing tax amounts for Ituah's properties in Philadelphia. If Ituah's claim against Sanchez relates to the sale of his 3843 Fairmount Avenue property, it fails for the reasons discussed above. But Ituah also appears to allege continuing tax-related violations by Sanchez. The Court dismisses this claim for two reasons. First, Ituah fails to state a facially plausible claim. *Twombly*, 550 U.S. at 570. In particular, he fails to plead sufficient facts from which the Court can infer that Sanchez is liable for financial injuries related to tax calculations and assessments. *Iqbal*, 556 U.S. at 678. Second, even if Ituah did sufficiently plead this claim, principles of comity bar him from pursuing it in federal court. *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998). "[S]uits seeking damages because of the imposition of allegedly wrongful taxes are not cognizable in a federal court; while not expressly barred by the Tax Injunction Act, damage actions are barred by principles of comity provided that

Carroll violated his "constitutional rights to property ownership" by issuing a condemnation notice on 508 W. Tabor Street. (*Id.* at ¶ 4.) He also claims that City attorney Brendan Philbin violated his constitutional property rights by filing "an action to demolish the property" after he became offended by a dropped phone call with Ituah. (*Id.*) Ituah hired a structural engineer to contest the demolition order, but Philbin would not grant him additional time to fix the damage to his property, instead "press[ing] to obtain judgment to demolish." (*Id.*) Ituah next claims City attorney Pamela Thurmond retaliated against him because she had to travel to New York for Ituah's bankruptcy proceedings. (*Id.* at ¶ 5.) Specifically, she "engineered inaccurate bills collections and encouraged the licensing units to demolish" the 508 W. Tabor Street property and provided false information regarding the value of the 3843 Fairmount Avenue property, leading to higher amounts due to his creditors in 2018. (*Id.*) Ituah also alleges a John Doe police officer declared 508 W. Tabor Street condemned and ordered the tenants from the building and another John Doe officer ordered Ituah's car towed from the property without notice. (*Id.* at ¶¶ 4, 7.) Finally, Ituah alleges the City of Philadelphia is "guilty of malice and oppression as defined in civil code section 3294-3296." (*Id.* at ¶ 8.)

These three events caused Ituah financial harm, "several illnesses and sleepless nights" and "serious psychological and mental distress." (*Id.* at ¶ 4.) To remedy this harm, Ituah asks the Court to: (1) order more than $1,500,000 in damages; (2) prevent the City from collecting the costs for demolition of the 508 W. Tabor Street property; and (3) stop the City from collecting $22,000 of personal income tax for years he claims he was not a City resident.

effective relief is obtainable in state court." *Id.* (citing *Fair Assessment in Real Estate v. McNary*, 454 U.S. 100 (1981)). Ituah makes no argument that he could not obtain effective relief in state court for Sanchez's alleged misconduct, nor could he. He could challenge the tax assessments through local or state procedures. *See, e.g., Trading Co. of N. Am. v. Bristol Twp. Auth.*, 47 F. Supp. 2d 563, 572–73 n.14 (E.D. Pa. 1999) (citing 53 Pa.C.S. § 7101 *et seq.*) (providing "property owners remedies to contest the validity of various municipal taxes and municipal liens"). Moreover, "Pennsylvania provides a remedy for individuals who bring section 1983 actions challenging tax assessments." *Id.* (discussing *Behe v. Chester Cnty. Bd. of Assessment Appeals*, 952 F.2d 66, 67 (3d Cir. 1991)) ("[T]axpayers may bring suits in Pennsylvania state courts alleging violations of both the Pennsylvania Constitution and the United States Constitution."). Thus, to the extent Ituah seeks damages for Sanchez's alleged tax violations, principles of comity bar him from pursuing this claim in federal court.

## C

Ituah claims Roslyn Speller retaliated against him for his lawsuit against the City by refusing to shut off water service at one of his properties. Speller moves to dismiss because Ituah fails to state a claim against her. Ituah does not specify under which constitutional provision he brings this claim, but the Court assumes he intends a First Amendment retaliation claim. To plead that claim, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). "[T]he key question in determining

thereafter. The facts alleged in support of this claim do not show that Ituah has a "plausible claim for relief," *Iqbal*, 129 S.Ct. at 1950, because they "do not permit the [C]ourt to infer more than the mere possibility of misconduct," *Fowler*, 578 at 211.

E

Ituah alleges Joseph Carroll, Brendan Philbin and two John Doe officers violated his constitutional property rights by facilitating demolition of the 508 W. Tabor Street property and towing his car from the property. Although he does not specify the constitutional underpinnings for these claims, they are best understood as Fourth Amendment unreasonable seizure, Fifth Amendment takings and Fourteenth Amendment substantive due process claims. *See* (Compl. at 3) (alleging violations of his Fifth and Fourth Amendment rights related to the demolition).

Ituah fails to plead facts supporting a Fourth Amendment claim. The Fourth Amendment provides in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A seizure of property occurs when "there is some meaningful interference with an individual's possessory interest in that property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (quotation marks and citation omitted). Therefore, the demolition of the 508 W. Tabor Street property constitutes a seizure. However, properly pleading a seizure is not enough. "[R]easonableness is still the ultimate standard under the Fourth Amendment," so Ituah must allege that the seizure was unreasonable and plead facts supporting that allegation. *Id.* at 71 (quotation marks and citation omitted). He has not done so.

9

These claims similarly fail when construed as Fourteenth Amendment substantive due process claims.[3] "To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest." *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d Cir. 1993). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 533 U.S. 833, 849 (1998). Ituah fails to allege that Carroll, Philbin or either of the John Doe officers acted arbitrarily or capriciously in issuing the condemnation notice and seeking demolition for the 508 W. Tabor Street property.[4] He alleges only that Carroll issued the condemnation notice for an "unknown reason." (Am. Compl. at ¶ 4.) And his allegation that Philbin filed the condemnation action because he was offended by a dropped phone call, and not because Carroll had issued a Notice of Violation for the property one week earlier, simply is not plausible. *Twombly*, 550 U.S. at 570; *see* (Mot. to Dism. Am. Compl., Ex. 3 at 18–19, ECF No. 14-3). Similarly, Ituah pleads no facts showing that the John Doe officers acted arbitrarily or capriciously by ordering tenants out of a building deemed "imminently dangerous" or by towing his car prior to demolition. *See* (Mot. to Dism. Am. Compl., Ex. 3 at 18).

---

[3] Although the Court considers this substantive due process claim now, it notes that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [that] claim." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). "The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 50 (1993). Thus, even if Ituah pled facts sufficient to support a substantive due process claim for the seizure of the 508 W. Tabor Street property, the Court would dismiss it under *Albright*.

[4] Ituah also alleges that Carroll and Philbin "negligently" violated his "constitutional rights to property ownership." (Am. Compl. at ¶ 4.) That claim fails because "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original).

IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has instructed district courts to "offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Because Ituah's claims against Zwolak and Sanchez as to the 3843 Fairmount Avenue property are barred under *res judicata* or the statute of limitations, amending those claims would be futile. Similarly, it would be futile to allow amendment of Ituah's tax-based claim for damages against Sanchez because he cannot pursue that claim in federal court. For the remaining claims, however, amendment would be neither inequitable nor futile. Ituah is therefore again granted leave to amend those claims.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**



Abraham Ituah
92 Robinson Avenue, Newburgh NY 12550

*(In the space above enter the full name(s) of the plaintiff(s).)*

5088

- against -

City of Philadelphia
James Zwolak
Brendan J Philbin
Joseph Carrol
Zachary Strassburger
Carmen Sanchez — Tax Analyst II
Rosyln Speller — Rev. Collection Supervisor
Police Department

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.    **Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Abraham Ituah |
| | Street Address | 92 Robinson Avenue |
| | County, City | Orange, Newburgh |
| | State & Zip Code | New York, 12550 |
| | Telephone Number | (310) 381-9859 |

*Rev. 10/2009*

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name *City of Philadelphia*
Street Address *1515 Arch Street*
County, City *Philadelphia*
State & Zip Code *PA 19143*

Defendant No. 2

Name *James Zwolak Esq. (Deputy Solicitor)*
Street Address *1515 Arch Street*
County, City *Philadelphia, Philadelphia*
State & Zip Code *PA 19143*

Defendant No. 3

Name *Brendan J. Philbin Esq. (Deputy Solicitor)*
Street Address *1515 Arch Street*
County, City *Philadelphia, Philadelphia*
State & Zip Code *PA 19143*

Defendant No. 4

Name *Joseph Carrol (1st Supervisor)*
Street Address *1401 JFK Blvd, 11th floor*
County, City *Philadelphia, Philadelphia*
State & Zip Code *PA 19102*

II.   **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
☑ Federal Questions   ☑ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? *Violation of fifth and fourth Amendment Rights Constitutionally guaranteed to the citizens*

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _Pennsylvania_

Defendant(s) state(s) of citizenship _New York_

## III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _Philadelphia, Pennsylvania_

B.      What date and approximate time did the events giving rise to your claim(s) occur? _January 3, 2019 and September 16, 2015_

C.      Facts: (1) The City of philadelphia employees intentionally violated my fifth and fourth Amendment Rights of property ownerships by illegally selling and Demolition of my property without 'due process'

(2) James Zwolak with his subordinates discriminated against me because of my Race and National origin.

(3) The City of philadelphia employees collectively Retaliated against me because of the lawsuit I filed against the City lawyer, Cynthia Starvrakis, the Sheriff Department and the City of Philadelphia at the time my property located at 3843 Fairmount Avenue was illegally sold by Starvrakis Cynthia to her relation. The state Attorney General office was notified and I was interviewed. At the Conclusion I was advised to contact James Zwolak but he deliberately refused to meet with me. HUD was also notified about the Discrimination. Court Records and Exhibits are available to justify what happened.

Rev. 10/2009

-3-

## THE ROLE OF THE SHERIFF DEPARTMENT

It is pertinent that I include the following as part of complaints

1) The events involving the Sale of my property at 3843 Fairmont Avenue, Philadelphia masterminded by Cynthia Stavrakis, the City Assistant Attorney was possible because the discriminate role played by the Sheriff department. No Service was delivered to me anytime before the Sale of the property. Secondly the transfer of the property was done expediteously because Cynthia Stavrakis was involved.

2) The Demolition of my property at 508 W. Tabor Road, Philadelphia was possible because Police Officer was at my property on January 27, 2018 to allege that the building was Condemned and order the tenants Vacate immediately before the License and inspection department visited the property and placed a notice I never received until 1/3/2019 which was the day the Court Ordered the building Demolished.

3) The police Department Staff invaded my property and Removed my Car (Mercedez ML320) Parked at the rear of my property without any notices.

—18—

IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. The City of philadelphia employees actions caused me several illnesses and sleepless nights. I constantly suffer headache pains, depressions, restlessness. The effects of the city of philadelphia staff resulted in emotional and psychological distress to the extent that my present Medical state is critical. My prescription for High blood pressure and cholesterol was increased from 5mg to 10mg and a new prescription drug for depression called Fluoxetine 10mg was recommended to suppress the depression. As far as sleeplessness no medication worked. Day after Day I barely sleep for 3 hours especially as the harassment and retaliation continued. The City of philadelphia claimed from my property sale over #170,000 on Water, Taxes, Liens, Inspection.

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

I respectfully request that this Court protect my constitutional right, in respective of my Race and National origin as well as my right to private property as explained on the complaint. The City of philadelphia employees and the sheriff department should stop the unnecessary harassment and descriminations by abuse of power to lease, and destruction of my property without due process. I want the Court to order a stay on writ of execution of any for the cost of Destroying my property situated at 508 W. Tabor Road, philadelphia and review the court record to reverse the sale of my property located at 3843 Fairmount Avenue, philadelphia executed without due process. In addition, I pray this Court to help me recover at least $1,000,000 I invested in philadelphia market as Damages for Negligent infliction of emotional and synchological distress or as the Court may consider appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _10_ day of _October_ , 20 _19_.

Signature of Plaintiff _____

Mailing Address _92 Robinson Avenue_

_Newburgh NY 12550_

_USA_

Telephone Number _(310) 381-9859_

Fax Number *(if you have one)* _____

E-mail Address _actnah@aol.com_

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  | CIVIL ACTION |
|---|---|---|---|
|  | v. | : | |
|  |  | : | NO. 5088 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

10/30/2019
**Date** _____     **Attorney-at-law** _____     Abraham Itugh
**Attorney for** _____

(310) 381-9859
**Telephone**          **FAX Number**          aitugh@aol.com
**E-Mail Address**

(Civ. 660) 10/02

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
:
v. : No. 47 C.D. 2019
:
Abraham Ituah Etal, :
Appellant :

## O R D E R

NOW, April 8, 2019, upon review of appellee City of Philadelphia's (City) Motion To Dismiss or Quash Appeal, the Motion is denied without prejudice.

Appellant Abraham Ituah Etal seeks review of the January 3, 2019 order of the Court of Common Pleas of Philadelphia County (trial court) that, among other things, ordered the appellant's property to be vacated and authorized the City to demolish the property. Appellant filed a timely notice of appeal on January 4, 2019. The trial court thereafter issued a January 8, 2019 order directing appellant to file a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). A review of the trial court's order, however, indicates that the order does not fully comply with Pa. R.AP. 1925(c). In particular, the trial court's order fails to advise appellant that he must serve the statement on the judge. Pa. R.A.P. 1925(c)(iii).

In addition, appellee's unverified Motion avers that the City demolished appellant's property on January 17, 2019. Pennsylvania Rule of Appellate Procedure 123(c) requires that an application that sets forth facts not of record must be verified by a person having knowledge of the facts asserted therein.

Because the trial court's order does not fully comply with Pa. R.A.P. 1925 and the Motion is unverified, the Motion is dismissed without prejudice to refile a properly verified motion.

Ellen Ceisler, Judge

Certified from the Record

APR 0 9 2019

And Order Exit

3:33 P.M.

**Commonwealth Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number: 47 CD 2019**

**Page 1 of 4**

**February 7, 2020**

## CAPTION

City of Philadelphia
v.
Abraham Ituah,
Appellant

## CASE INFORMATION

Initiating Document:          Notice of Appeal

Case Status:                 Closed

Case Processing Status:      May 10, 2019          Completed

Journal Number:

Case Category:               Civil                Case Type(s):          Civil Action Law

### CONSOLIDATED CASES                                    RELATED CASES

## COUNSEL INFORMATION

| **Appellant** | **Ituah, Abraham** |
|---|---|
| Pro Se: | Yes |
| IFP Status: | |
| Pro Se: | Abraham Ituah |
| Address: | 419 West Godfrey Ave. |
| | Philadelphia, PA 19120 |
| Phone No: | (267) 471-5511          Fax No: |

| **Appellee** | **City of Philadelphia** |
|---|---|
| Pro Se: | No |
| IFP Status: | |
| Attorney: | Bruhl, Elise Michelle |
| Law Firm: | City of Philadelphia Law Department |
| Address: | City Of Phila Law Dept |
| | 1515 Arch St 17th Fl |
| | Philadelphia, PA 19102-1595 |
| Phone No: | (215) 683-5011          Fax No: |

| | |
|---|---|
| Attorney: | Strassburger, Zachary Gene |
| Law Firm: | City of Philadelphia |
| Address: | City Of Phila Law Dept |
| | 1515 Arch St Fl 17 |
| | Philadelphia, PA 19143 |
| Phone No: | (215) 683-2998          Fax No: |

## FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|
| 01/04/2019 | Notice of Appeal | 90.25 | 01/17/2019 | 2019-CMW-H-000177 | 90.25 |
| 05/26/2019 | Petition for Reconsideration - Original Jurisdiction | 15.00 | 06/05/2019 | 2019-CMW-H-001172 | 15.00 |

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

**Commonwealth Docket Sheet**

**Docket Number:  47 CD 2019**

**Page 2 of 4**

**Commonwealth Court of Pennsylvani**

**February 7, 2020**

## AGENCY/TRIAL COURT INFORMATION

| | | | |
|---|---|---|---|
| Order Appealed From: | January 3, 2019 | | |
| Order Type: | Order Dated | Notice of Appeal Filed: | January 4, 2019 |
| Documents Received: | January 17, 2019 | | |

| | | | |
|---|---|---|---|
| Court Below: | Philadelphia County Court of Common Pleas | | |
| County: | Philadelphia | Division: | Philadelphia County Civil Division |
| Judge: | Patrick, Paula A. | OTN: | |
| Docket Number: | January Term, 2019 No. 181203469 | Judicial District: | 01 |

## ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content Description |
|---|---|---|
| Trial Court Record | | |
| Trial Court Opinion | February 21, 2019 | |
| | February 21, 2019 | |

**Date of Remand of Record:**

## BRIEFING SCHEDULE

None

None

## DOCKET ENTRY

| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
|---|---|---|---|---|
| January 4, 2019 | Notice of Appeal Filed | | | |
| | Ituah, Abraham | | Appellant | |
| January 18, 2019 | Notice of Docketing Appeal Exited | | | |
| | Commonwealth Court Filing Office | | | 01/18/2019 |
| January 28, 2019 | Entry of Appearance | | | |
| | Bruhl, Elise Michelle | City of Philadelphia | Appellee | |
| February 21, 2019 | Trial Court Record Received | | | |
| | Philadelphia County Civil Division | | | |
| February 21, 2019 | Trial Court Opinion Received | | | |
| | Philadelphia County Civil Division | | | |
| February 26, 2019 | Order Filed | | | |
| | Brobson, P. Kevin | | | 02/27/2019 |
| Document Name: | The parties shall address in their principal briefs on the merits whether appellant preserved any | | | |
| Comment: | issues on appeal in light of his apparent failure to file a Statement as directed by the trial court. | | | |
| March 8, 2019 | Application to Dismiss | | | |
| | Bruhl, Elise Michelle | City of Philadelphia | Appellee | |
| Document Name: | Motion to Appellee City of Philadelphia to Dismiss or Quash Appeal | | | |
| April 8, 2019 | Order Denying Application to Dismiss | | | |
| | Ceisler, Ellen | | | 04/09/2019 |
| Document Name: | Appellee City of Philadelphia's Motion to Dismiss or Quash Appeal is denied.  See Order Filed. | | | |
| April 9, 2019 | Answer to Application to Dismiss | | | |
| | Ituah, Abraham | | Appellant | |

3:33 P.M.

**Commonwealth Docket Sheet**

**Docket Number:  47 CD 2019**

**Commonwealth Court of Pennsylvania**

**Page 3 of 4**

**February 7, 2020**



### DOCKET ENTRY

| Filed Date | Docket Entry / Filer | Representing | Participant Type | Exit Date |
|---|---|---|---|---|
| April 9, 2019 | Send Back for Correction<br>Commonwealth Court Filing Office | | | 04/09/2019 |
| | Document Name:  DEFECT:  Answer to Dismiss or Quash Appeal must include a proof of service. | | | |
| April 16, 2019 | Complied with Sendback<br>Ituah, Abraham | | Appellant | |
| April 16, 2019 | Certificate of Service Filed<br>Ituah, Abraham | | Appellant | |
| | Document Name:  for the Answer to the Application to Dismiss | | | |
| April 22, 2019 | Application for Remand<br>Ituah, Abraham | | Appellant | |
| May 1, 2019 | Application to Dismiss<br>Bruhl, Elise Michelle | City of Philadelphia | Appellee | |
| | Document Name:  Renewed Motion of Appellee City of Philadelphia to Dismiss or Quash Appeal and Response in<br>Comment:  Opposition to Appellant Abraham Ituah's Motion to Remand | | | |
| May 7, 2019 | Entry of Appearance<br>Strassburger, Zachary Gene | City of Philadelphia | Appellee | |
| May 10, 2019 | Quashed<br>Ceisler, Ellen | | | 05/13/2019 |
| | Document Name:  The City's renewed Motion to Quash is granted due to Mr. Ituah's failure to preserve any issues for<br>Comment:  appellate review.  In light of this determination, the application for remand is dismissed as moot. | | | |
| May 26, 2019 | Application for Reconsideration<br>Ituah, Abraham | | Appellant | |
| May 29, 2019 | Send Back for Correction<br>Commonwealth Court Filing Office | | | 05/29/2019 |
| | Document Name:  DEFECT:  Filing fee of $15.00 | | | |
| June 5, 2019 | Complied with Sendback<br>Ituah, Abraham | | Appellant | |
| | Document Name:  fee paid | | | |
| June 10, 2019 | Order Denying Application for Reconsideration<br>Ceisler, Ellen | | | 06/11/2019 |
| | Document Name:  Appellant's app. for recon. of the 5-10-19 order quashing the appeal is denied. | | | |

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| Final Disposition: | Yes | | |
| Related Journal No: | | Judgment Date: | |
| Category: | Disposed Before Decision | Disposition Author: | Ceisler, Ellen |
| Disposition: | Quashed | Disposition Date: | May 10, 2019 |

Disposition Comment:      appellate review.  In light of this determination, the application for remand is dismissed as moot.

Neither the Appellate Courts nor the Administrative Office of Pennsylvania Courts assumes any liability
for inaccurate or delayed data, errors or omissions on the docket sheets.

3:33 P.M.

**Commonwealth Docket Sheet**

**Commonwealth Court of Pennsylvania**

**Docket Number:  47 CD 2019**

**Page 4 of 4**

**February 7, 2020**

**DISPOSITION INFORMATION**

Dispositional Filing:                                                          Filing Author:
Filed Date:

**REARGUMENT / RECONSIDERATION / REMITTAL**

Filed Date:                       May 26, 2019
Disposition:                      Order Denying Application for Reconsideration
Disposition Date:             June 10, 2019

Record Remittal:

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
CIVIL TRIAL DIVISION

RECEIVED

MAR 2 8 2016

OFFICE OF JUDICIAL
RECORDS

CITY OF PHILADELPHIA                    :

                    v.                  :        CASE NO.: 1504T0504

ITVAH                                   :        CONTROL NO.: 15117059

                                        :

### ORDER

AND NOW, this 23rd day of March, 2016, upon the Rule to Show Cause issued by this Court on February 16, 2016, and the hearing held on this date; this Court has found the property at issue was vacant ninety (90) days before the Sheriff Sale and, thus, is not subject to redemption for the reasons set forth on the record.[1]  The Sheriff of Philadelphia SHALL remit all excess funds to the original owner/petitioner, ITVAH.  Jurisdiction relinquished.

BY THE COURT:

CARPENTER, J.

3/28/16

City Of Philadelphia Vs-ORDER

15040050404041

DOCKETED

MAR 2 8 2016

MICHAEL TIERNEY
JUDICIAL RECORDS

---

[1] Vacant since fire in November, 2013 and was not under active rehabilitation.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. SPARACINO  03/28/2016

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

(Do not use et al, MUST HAVE FULL CAPTION)

*City of Philadelphia*

vs.

*Abraham Ituah Etal*

(Use Add'/ Paper for Larger Captions)

COMMONWEALTH COURT

COURT OF COMMON PLEAS,

___JAN___ TERM, 20 __19__

NO. __181203469__

*(This Form for Civil Appeals Only)*

### NOTICE OF APPEAL

Notice is hereby given that    *Abraham Ituah ETAL*
                              *(Appealing Party)*

Above named, hereby appeals to the:

☐ Superior Court
☒ Commonwealth Court
☐ Supreme Court

City Of Philadelphia Vs Ituah Etal-APCOM

18120346900011

Of Pennsylvania, from the ___ORDER___ entered in the above case,
                          *(Order, Judgment, etc.)*

on the *3rd* day of *January 2019*
       *(Date of Order Being Appealed)*

GRANTED  *1-3-19*
DOCKETED *13-19*
JUDGMENT *ORDER*
JUDGE    *P. PATRICK*
         *W. GOLDEN*

SIGNATURE ___Al___

*(Attorney for Appellant(s) or Pro Se)*

I.D. _____

*508 W. Tabor Rd*
*(Address)*

*Philadelphia PA 19120*
*(City, State, Zip)*

*(267) 471 5511*
*(Phone)*

---

***PLEASE FILE ONE (1) ORIGINAL IN ROOM 296 CITY HALL***

1901009                    $ 352.19

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

(Do not use et al, MUST HAVE FULL CAPTION)

*City of Philadelphia*

vs.

*Abraham Ituah Etal*

(Use Add'l Paper for Larger Captions)

**COMMONWEALTH COURT**

COURT OF COMMON PLEAS,

_IAN_ TERM, 20 _19_

NO. _181203469_

*(This Form for Civil Appeals Only)*

## NOTICE OF APPEAL

Notice is hereby given that _Abraham Ituah ETAL_

*(Appealing Party)*

Above named, hereby appeals to the:

☐ Superior Court
☒ Commonwealth Court
☐ Supreme Court

City Of Philadelphia Vs Ituah Etal-APCOM

|||||||||||||||||
18120346900011

Of Pennsylvania, from the _ORDER_ entered in the above case,

*(Order, Judgment, etc.)*

on the _3rd_ day of _January_ _2019_
*(Date of Order Being Appealed)*

ORDERED  1.3.19
DOCKETED 1.3-19
JUDGMENT ORDER
JUDGE  P. PATRICK
       W. GOLDEN

SIGNATURE _Al___m_
*(Attorney for Appellant(s) or Pro Se)*

I.D. _____

_508 W. Tabor Rd_
*(Address)*

_Philadelphia PA 19120_
*(City, State, Zip)*

_(367) 471 5511_
*(Phone)*

---

**\*\*\*PLEASE FILE ONE (1) ORIGINAL IN ROOM 296 CITY HALL\*\*\***

# IN THE COURT OF COMMON PLEAS
## PHILADELPHIA COUNTY

[Commonwealth Of Pennsylvania
Or Named Plaintiff]

*City of Philadelphia* vs.

*Abraham Ituah ETAL*

[Named Defendant]

Civil Trial Division

*JAN* TERM, *2019*

NO *181 203469*

## AFFIDAVIT OF SERVICE

I, *Abraham Ituah*, Esquire, hereby certify that I am this day serving a true and correct copy of the Notice of Appeal together with the Order of Transcript, in the manner set forth below, to the following:

*Virginia Leyendecker*
*Senet fast*, Office Court Reporter
Land Title Bldg., 100 South Broad St., 2nd Floor
Philadelphia, PA 19110

Type of Service

✓ Personal Service
First Class Mail

Judge *Paula Patrick*
Address *Court Rm 436*
*City Hall*

✓ Personal Service
First Class Mail

Danielle O'Connor, Deputy Court Administrator
Court Reporters/Interpreters
Land Title Bldg., 100 South Broad St., 2nd Floor
Philadelphia, PA 19110

✓ Personal Service
First Class Mail

Appellee/Attorney for Appellee
Name *City of Philadelphia*
Address *1515 Arch Street,*
*14th floor, Philadelphia PA 19102*

✓ Personal Service
First Class Mail

Date: *1/4/2019*

_____
(Attorney for Appellant)



**First Judicial District of Pennsylvania**
**Court Reporter, Digital Recording and Interpreter Administration**
Land Title Building, 100 South Broad Street, Second Floor
Philadelphia, Pennsylvania 19110
Tele: 215-683-8000      Fax: 215-683-8005
**TRANSCRIPT ORDER FORM**

Criminal transcripts will be provided on a regular-delivery basis. Transcripts may not be ordered strictly "for the file."
**Directive from the District Court Administrator:** In cases where the Court is responsible for the cost of a transcript, transcription of the following is prohibited:

- **Misdemeanor trials**, except upon Notice of Appeal
- **Trials - Waiver or Jury**, resulting in a Not Guilty verdict
- **Guilty Pleas**, except in homicide cases
- **Violation of Probation/Parole hearings**
- **Voir Dire**, except in death-penalty cases or where a Batson issue is raised or upon authorization of the Trial Judge.
- **Opening and closing arguments**
- **Call of the List**

**All information must be completed in order to begin transcription of notes.**

IS THIS AN APPEAL?    YES ☒    NO ☐    IF NO, NEXT TRIAL DATE: _____

CASE NAME: (Commonwealth vs.) or (Party vs. Party)   Case Number(s)  CP ☒  MC ☐ PETITION ☐
_City of Philadelphia Vs Ituah ETAL_

Are there co-defendants? Please list: _NB_

Hearing/Trial Date(s): _1/3/2019_       Courtroom #: _436_  Judge: _Paula Patrick_

☐ Preliminary Hearing      ☐ Motion        ☐ Trial          ☐ Jury Trial      ☐ Hearing
☐ Sentencing               ☐ PCRA Hearing                   ☒ Other: _Petition - Emergency_

**Court Reporter's Name
and Phone Number:** _Virginia Leyendecker (215) 683-XXXX_ or  ☐ **Digital Recording**

☐ **Court-Appointed Counsel**        ☒ **Private Counsel/Party**      ☐ **In Forma Pauperis**
(Attach Appointment Letter-Regular delivery only)                          (Please attach documentation)

Requesting Attorney or Party Name: _Abraham Ituah ETAL_
Street Address: _508 W. Tabor Rd, Philadelphia_
City, State and Zip Code: _Philadelphia PA 19120_
Phone Number: _267 471 5541_ Fax Number: _____ Email Address: _aituah@aol.com_

DELIVERY: ☐ Regular Delivery   ☐ Expedited          ☐ Daily (Next Day)        ☒ Immediate
                                (Please call reporter/office)   (Please call reporter/office)   (Same Day - call reporter/office)

If transcript is for an Appeal, you **MUST** attach the Appeal cover sheet to this transcript order form.

*I understand that pursuant to Pa.R.J.A. No. 5000.6, transcription will not commence until the required deposit is received. I understand and agree that the unauthorized copying, duplication or sharing of the transcript without the express written approval of the court reporter shall subject me to all appropriate legal proceedings, including, but not limited to, civil action for damages pursuant to Pa.R.J.A. No. 5000.7 and notification to the Pennsylvania Disciplinary Board.*

Signature of Attorney or Ordering Party: _ACM_                               Date: _1/4/2019_

TO ORDER A TRANSCRIPT:  Email this form to: transcripts@courts.phila.gov.
When ordering daily, expedited or immediate delivery, in addition to the form, you must call the court reporter directly.

**Payment must be made by check or money order. This office cannot accept cash.**
**We will confirm receipt of your transcript request via email.**

08-1 (Rev. 01/22/2018)

25.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
| Plaintiff | : | CIVIL TRIAL DIVISION |
| vs. | : | |
| | : | |
| | : | |
| ABRAHAM ITUAH | : | |
| 508 W. Tabor Road | : | TERM, 2019 |
| Philadelphia PA, 19120-2718 | : | |
| and | : | |
| 92 Robinson Avenue | : | |
| Newburgh, NY 12550-4402 | : | No. 1812003469 |
| | : | |
| AND | : | |
| | : | |
| JOHN AND JANE DOE AND ALL | : | |
| KNOWN AND UNKNOWN OCCUPANTS OF | : | |
| 508 W. TABOR ROAD, PHILADELPHIA PA | : | |
| 19120 | : | |
| Defendants. | : | |

## TEMPORARY RESTRAINING ORDER

AND NOW, this **3rd** day of **January**, 2019, upon consideration of

Plaintiff's Petition and having determined that:

1.     Plaintiff, City of Philadelphia, as well as the public at large, will suffer irreparable

harm and loss if the Defendants are permitted to:

    a)    Remain at 508 W. Tabor Road, Philadelphia PA (hereinafter "subject premises");

    b)    Obstruct, prevent, interfere and/or otherwise impede in any manner the Department of Licenses and Inspections (hereinafter "Department") and/or its contractors from vacating and demolishing the subject premises, which has been declared imminently dangerous by the Department of Licenses and Inspections;

2.     Plaintiff does not have an adequate remedy at law;

City Of Philadelphia Vs-ORDER



18120346900009

Case ID: 181203469
Control No.: 19010128

3.     Demolition of the subject premises is reasonably suited to abate the imminently dangerous condition of the subject premises;

4.     Demolition of the subject premises is in the public interest; and

5.     Greater injury would be inflicted upon Plaintiff and the safety and health of the public, including the defendants and occupants of the subject premises by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief, it is therefore ORDERED, ADJUDGED and DECREED as follows:

1.     All persons, including all defendants, are enjoined from:

a) Remaining in the subject premises and shall vacate said premises immediately;

b) Obstructing, threatening, preventing, interfering, or otherwise impeding in any manner the Department and/or its contractors from vacating and demolishing the subject premises, and;

c) The defendants and all occupants of the subject premises shall allow representatives of the Department and/or its contractors to enter the interior of the subject premises for purposes of vacating and demolishing the subject premises.

2.     If any person fails to vacate the subject premises, the Office of the Sheriff of Philadelphia and/or the Philadelphia Police Department is hereby directed to provide any such person with a copy of this Order. If any such person refuses to leave the building immediately after receiving a copy of this Order, they are authorized, without the need for a writ of possession, to use whatever reasonable force is necessary to remove any such person. The City shall assist any occupant with temporary relocation through the Office of Homeless Services.

3.     Defendants or owners, operators, trustees, agents, tenants, and otherwise responsible parties of the subject premises shall permit and provide access to the subject premises to the Department for the purpose of conducting a full and complete interior and exterior inspection by an official inspector of the Department, for the purpose of abatement of

the Philadelphia Code violations at the subject premises.   The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a locksmith.  Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4.     The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises.

5.     Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises.  This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing.  In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6.     This Order shall remain in full force and effect until this Court specifically orders otherwise; and

7.     A Rule to Show Cause why a Preliminary Injunction should not be ordered shall be issued.

BY THE COURT:

_____ J.

Case ID: 181203469
Control No.: 19010128

25.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | COURT OF COMMON PLEAS |
|           Plaintiff | : | CIVIL TRIAL DIVISION |
| vs. | : | |
| | : | |
| | : | |
| ABRAHAM ITUAH | : | |
| 508 W. Tabor Road | : | TERM, 2019 |
| Philadelphia PA, 19120-2718 | : | |
| and | : | |
| 92 Robinson Avenue | : | |
| Newburgh, NY 12550-4402 | : | No. 181203469 |
| | : | |
| AND | : | |
| | : | |
| JOHN AND JANE DOE AND ALL | : | |
| KNOWN AND UNKNOWN OCCUPANTS OF | : | |
| 508 W. TABOR ROAD, PHILADELPHIA PA | : | |
| 19120 | : | |
|           Defendants. | : | |

## **TEMPORARY RESTRAINING ORDER**

AND NOW, this **3rd** day of **January** , 2019, upon consideration of

Plaintiff's Petition and having determined that:

1.    Plaintiff, City of Philadelphia, as well as the public at large, will suffer irreparable

harm and loss if the Defendants are permitted to:

    a)    Remain at 508 W. Tabor Road, Philadelphia PA (hereinafter "subject premises");

    b)    Obstruct, prevent, interfere and/or otherwise impede in any manner the Department of Licenses and Inspections (hereinafter "Department") and/or its contractors from vacating and demolishing the subject premises, which has been declared imminently dangerous by the Department of Licenses and Inspections;

2.    Plaintiff does not have an adequate remedy at law;

City Of Philadelphia Vs-ORDER



18120346900009

Case ID: 181203469
Control No.: 19010128

3.    Demolition of the subject premises is reasonably suited to abate the imminently dangerous condition of the subject premises;

4.    Demolition of the subject premises is in the public interest; and

5.    Greater injury would be inflicted upon Plaintiff and the safety and health of the public, including the defendants and occupants of the subject premises by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief, it is therefore ORDERED, ADJUDGED and DECREED as follows:

1.    All persons, including all defendants, are enjoined from:

a) Remaining in the subject premises and shall vacate said premises immediately;

b) Obstructing, threatening, preventing, interfering, or otherwise impeding in any manner the Department and/or its contractors from vacating and demolishing the subject premises, and;

c) The defendants and all occupants of the subject premises shall allow representatives of the Department and/or its contractors to enter the interior of the subject premises for purposes of vacating and demolishing the subject premises.

2.    If any person fails to vacate the subject premises, the Office of the Sheriff of Philadelphia and/or the Philadelphia Police Department is hereby directed to provide any such person with a copy of this Order. If any such person refuses to leave the building immediately after receiving a copy of this Order, they are authorized, without the need for a writ of possession, to use whatever reasonable force is necessary to remove any such person. The City shall assist any occupant with temporary relocation through the Office of Homeless Services.

3.    Defendants or owners, operators, trustees, agents, tenants, and otherwise responsible parties of the subject premises shall permit and provide access to the subject premises to the Department for the purpose of conducting a full and complete interior and exterior inspection by an official inspector of the Department, for the purpose of abatement of

the Philadelphia Code violations at the subject premises. The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a locksmith. Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4.    The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises.

5.    Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises. This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing. In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6.    This Order shall remain in full force and effect until this Court specifically orders otherwise; and

7.    A Rule to Show Cause why a Preliminary Injunction should not be ordered shall be issued.

BY THE COURT:

_____ J.

the Philadelphia Code violations at the subject premises.    The Department and/or its representatives are authorized to use all reasonable measures to gain access to the premises, including, but not limited to, the services of the Police Department or Sheriff's office and a locksmith.  Charges incurred in this matter by the City of Philadelphia, including but not limited to locksmith's fee, charges for removing and maintaining any animals removed, and charges for the inspection, are imposed on Defendant Abraham Ituah.

4.    The City of Philadelphia and/or its contractors shall be authorized to demolish the subject premises.

5.    Pursuant to Pennsylvania law, the Philadelphia Code and the Department's Regulations, Defendant Abraham Ituah is responsible for the costs incurred by the City for any work performed to abate the violation of the Philadelphia Code and remediate the imminently dangerous conditions at the subject premises.  This includes but is not limited to, services of a professional engineer, demolition, sealing the lateral, stucco and weatherproofing.  In addition, Defendant Abraham Ituah is responsible for a twenty-one percent (21%) administrative fee.

6.    This Order shall remain in full force and effect until this Court specifically orders otherwise; and

7.    A Rule to Show Cause why a Preliminary Injunction should not be ordered shall be issued.

BY THE COURT:

_____    J.

Case ID: 181203469
Control No.: 19010128



**First Judicial District of Pennsylvania**
**Court Reporter, Digital Recording and Interpreter Administration**
Land Title Building, 100 South Broad Street, Second Floor
Philadelphia, Pennsylvania 19110
Tele: 215-683-8000    **Fax: 215-683-8005**

# TRANSCRIPT ORDER FORM

Criminal transcripts will be provided on a regular-delivery basis. Transcripts may not be ordered strictly "for the file."
**Directive from the District Court Administrator:** In cases where the Court is responsible for the cost of a transcript, transcription of the following is prohibited:

- **Misdemeanor trials,** except upon Notice of Appeal
- **Trials - Waiver or Jury,** resulting in a Not Guilty verdict
- **Guilty Pleas,** except in homicide cases
- **Violation of Probation/Parole hearings**
- **Voir Dire,** except in death-penalty cases or where a Batson issue is raised or upon authorization of the Trial Judge.
- **Opening and closing arguments**
- **Call of the List**

### All information must be completed in order to begin transcription of notes.

**IS THIS AN APPEAL?    YES** [X]  **NO** [ ]    **IF NO, NEXT TRIAL DATE:** _____

**CASE NAME:** (Commonwealth vs.) or (Party vs, Party)    **Case Number(s) CP** [X] **MC** [ ] **PETITION** [ ]
City of Philadelphia Vs Ituah ETAL _____

Are there co-defendants? Please list: YES _____

Hearing/Trial Date(s): 1/3/2019    Courtroom #: 436  Judge: Paula Patrick

[ ] Preliminary Hearing    [ ] Motion    [ ] Trial    [ ] Jury Trial    [ ] Hearing
[ ] Sentencing    [ ] PCRA Hearing    [X] Other: Petition - Emergency

**Court Reporter's Name**
**and Phone Number:** Virginia Leyendecker (215)683-8005 or    [ ] **Digital Recording**

[ ] **Court-Appointed Counsel**    [ ] **Private Counsel/Party**    [ ] **In Forma Pauperis**
(Attach Appointment Letter-Regular delivery only)    (Please attach documentation)

Requesting Attorney or Party Name: Abraham Ituah ETAL
Street Address: 508 W. Tabor Rd. Philadelphia
City, State and Zip Code: Philadelphia PA 19120
Phone Number: 267 471 5541  Fax Number: _____  Email Address: aituah@aol.com

**DELIVERY:** [ ] Regular Delivery    [ ] Expedited    [ ] Daily (Next Day)    [X] Immediate
                                 (Please call reporter/office)    (Please call reporter/office)    (Same Day – call reporter/office)

If transcript is for an Appeal, you **MUST** attach the Appeal cover sheet to this transcript order form.

*I understand that pursuant to Pa.R.J.A. No. 5000.6, transcription will not commence until the required deposit is received. I understand and agree that the unauthorized copying, duplication or sharing of the transcript without the express written approval of the court reporter shall subject me to all appropriate legal proceedings, including, but not limited to, civil action for damages pursuant to Pa.R.J.A. No. 5000.7 and notification to the Pennsylvania Disciplinary Board.*

Signature of Attorney or Ordering Party: _____    Date: 1/4/2019

**TO ORDER A TRANSCRIPT:** Email this form to: transcripts@courts.phila.gov.
When ordering daily, expedited or immediate delivery, in addition to the form, you must call the court reporter directly.

### Payment must be made by check or money order. This office cannot accept cash.
### We will confirm receipt of your transcript request via email.

08-11 (Rev. 01/22/2018)





No Items in Cart **LOGOUT** egabay

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 181203469 |
| **Case Caption:** | CITY OF PHILADELPHIA VS ITUAH ETAL |
| **Filing Date:** | Wednesday, January 02nd, 2019 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | EQUITY - NO REAL ESTATE (TRO) |
| **Status:** | PRAECIPE TO DISCONTINUE |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | PHILBIN, BRENDAN J |
| **Address:** | CODE ENFORCEMENT UNIT 1515 ARCH ST. 15TH FLOOR PHILADELPHIA PA 19102 (215)683-5028 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | CITY OF PHILADELPHIA |

| Address: | 1515 ARCH ST 14TH FLOOR PHILADELPHIA PA 19102 | Aliases: | *none* | |
|---|---|---|---|---|
| | | | | |
| 3 | | | DEFENDANT | ITUAH, ABRAHAM |
| Address: | 508 W TABOR RD PHILADELPHIA PA 19120 | Aliases: | *none* | |
| | | | | |
| 4 | | | DEFENDANT | ITUAH, ABRAHAM |
| Address: | 92 ROBINSON AVE NEWBURGH NY 12550 | Aliases: | *none* | |
| | | | | |
| 5 | | | DEFENDANT | DOE, JOHN AND JANE |
| Address: | 508 W TABOR RD PHILADELPHIA PA 19120 | Aliases: | *none* | |
| | | | | |
| 6 | | | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
| Address: | 692 CITY HALL PHILADELPHIA PA 19107 | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 02-JAN-2019 03:52 PM | ACTIVE CASE | | | 02-JAN-2019 03:56 PM |
| **Docket Entry:** | E-Filing Number: 1901002106 | | | |
| | | | | |

| 02-JAN-2019 03:52 PM | COMMENCEMENT OF CIVIL ACTION | PHILBIN, BRENDAN J | | 02-JAN-2019 03:56 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |

| 02-JAN-2019 03:52 PM | COMPLAINT FILED NOTICE GIVEN | PHILBIN, BRENDAN J | | 02-JAN-2019 03:56 PM |
|---|---|---|---|---|
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |

| 02-JAN-2019 03:52 PM | WAITING TO LIST CASE MGMT CONF | PHILBIN, BRENDAN J | | 02-JAN-2019 03:56 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-JAN-2019 03:52 PM | CITY CHARGE | PHILBIN, BRENDAN J | | 02-JAN-2019 03:56 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-JAN-2019 03:52 PM | PRELIMINARY INJUNCTION | PHILBIN, BRENDAN J | | 02-JAN-2019 03:56 PM |
|---|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>508 W Tabor Complaint.pdf<br>Emergency - 508 W Tabor Prelim Injunction.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | 28-19010128 PRELIMINARY INJUNCTION/TRO FILED. RESPONSE DATE 01/03/2019. | | | |

| 02-JAN-2019 03:57 PM | MOTION RESPONSE DATE UPDATED | | | 02-JAN-2019 03:57 PM |
|---|---|---|---|---|
| **Docket Entry:** | 28-19010128 PRELIMINARY INJUNCTION MOTION RESPONSE DATE UPDATED TO . | | | |

| 03-JAN-2019 10:41 AM | ANSWER (MOTION/PETITION) FILED | ITUAH, ABRAHAM | | 03-JAN-2019 12:00 AM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents <br> MTANS_8.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 28-19010128 RESPONSE TO PRELIMINARY INJUNCTION FILED. | | | |

| 03-JAN-2019 04:21 PM | ORDER ENTERED/236 NOTICE GIVEN | PATRICK, PAULA | | 03-JAN-2019 04:21 PM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents <br> ORDER_9.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 28-19010128 UPON CONSIDERATION OF PLAINTIFF'S PETITION AND HAVING DETERMINED THAT: 1. PLAINTIFF, CITY OF PHILADELPHIA, AS WELL AS THE PUBLIC AT LARGE, WILL SUFFER IRREPARABLE HARM AND LOSS IF THE DEFENDANTS ARE PERMITTED TO: A) REMAIN AT 508 W. TABOR ROAD, PHILADELPHIA, PA (HEREINAFTER "SUBJECT PREMISES")' ... SEE ORDER FOR COMPLETE TERMS. ... BY THE COURT: PATRICK, J. 01/03/19 | | | |

| 03-JAN-2019 04:21 PM | NOTICE GIVEN UNDER RULE 236 | | | 04-JAN-2019 09:33 AM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 04-JAN-2019 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 03-JAN-2019. | | | |

| 04-JAN-2019 01:59 PM | APPEAL TO COMMONWEALTH COURT | ITUAH, ABRAHAM | | 04-JAN-2019 12:00 AM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents <br> APCOM_11.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *************NOTICE IS HEREBY GIVEN THAT ABRAHAM ITUAH APPEALS FROM THE ORDER DATED JANUARY 3, 2019 AND DOCKETED ON JANUARY 3, 2019 BY JUDGE PAULA PATRICK. PROOF OF SERVICE FILED.*************************************************** | | | |

| 04-JAN-2019 04:28 PM | TRIAL/HEARING EXHIBITS FILED | PHILBIN, BRENDAN J | | 04-JAN-2019 04:36 PM |
|---|---|---|---|---|

| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>City 1 - Photos.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry |
| --- | --- | --- |
| **Docket Entry:** | TRIAL/EVIDENTIARY HEARING EXHIBITS/EVIDENCE FILED. | |

| 08-JAN-2019<br>02:38 PM | ORDER ENTERED/236<br>NOTICE GIVEN | PATRICK,<br>PAULA | | 08-JAN-2019<br>12:00 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>ORDER_13.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | IT IS HEREBY ORDERED AND DECREED THAT APPELLANT, ABRAHAMITUAH MUST FILE A CONCISE STATEMENT OF ERRORS COMPLAINED OF ON APPEAL PURSUANT TO PA R.A.P. 1925(b). THE 1925(b) STATEMENT SHALL BE FILED NO LATE THAN TWENTY-ONE (21) DAYS AFTER ENTRY OF THIS ORDER. ANY ISSUE NOT PROPERLY INCLUDED IN THIS STATEMENT SHALL BE DEEMED WAIVED. ..............BY THE COURT: PATRICK, J. 01/08/2019 | | | |

| 08-JAN-2019<br>02:38 PM | NOTICE GIVEN UNDER<br>RULE 236 | | | 08-JAN-2019<br>04:04 PM |
| --- | --- | --- | --- | --- |
| **Docket Entry:** | NOTICE GIVEN ON 08-JAN-2019 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 08-JAN-2019. | | | |

| 11-JAN-2019<br>02:53 PM | FEE PD PURSUANT TO<br>ORDER | | | 11-JAN-2019<br>12:00 AM |
| --- | --- | --- | --- | --- |
| **Docket Entry:** | CHECK #9578 IN THE AMOUNT OF $90.25 WAS DISBURSED TO COMMONWEALTH COURT OF PENNSYLVANIA | | | |

| 13-FEB-2019<br>04:24 PM | OPINION FILED/236<br>NOTICE GIVEN | PATRICK,<br>PAULA | | 13-FEB-2019<br>12:00 AM |
| --- | --- | --- | --- | --- |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>OPFLD_16.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| **Docket Entry:** | OPINION SIGNED AND FILED ON FEBRUARY 13, 2019 BY PATRICK,J. | | | |

| 13-FEB-2019<br>04:24 PM | NOTICE GIVEN UNDER<br>RULE 236 | | | 14-FEB-2019<br>09:09 AM |
| --- | --- | --- | --- | --- |

| Docket Entry: | NOTICE GIVEN ON 14-FEB-2019 OF OPINION FILED/236 NOTICE GIVEN ENTERED ON 13-FEB-2019. | | | |
|---|---|---|---|---|

| 21-FEB-2019 02:53 PM | APPEAL INVENTORY RECORD SENT | | | 21-FEB-2019 12:00 AM |
|---|---|---|---|---|
| Documents: | ✂ Click link(s) to preview/purchase the documents APILM_18.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | PURSUANT TO PA. R.A.P. 1931 (d) APPEAL INVENTORY SENT. | | | |

| 21-FEB-2019 02:53 PM | RECORD MAILED/TRANSMITTED | | | 21-FEB-2019 12:00 AM |
|---|---|---|---|---|
| Docket Entry: | RECORD SENT TO COMMONWEALTH COURT ELECTRONICALLY VIA PACFILE UNDER 47 CD 2019. | | | |

| 21-FEB-2019 02:53 PM | NOTICE GIVEN UNDER RULE 236 | | | 21-FEB-2019 03:25 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 21-FEB-2019 OF APPEAL INVENTORY RECORD SENT ENTERED ON 21-FEB-2019. | | | |

| 05-MAR-2019 11:46 AM | AFFIDAVIT OF SERVICE FILED | | | 05-MAR-2019 11:46 AM |
|---|---|---|---|---|
| Documents: | ✂ Click link(s) to preview/purchase the documents Affidavit of Service | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF W O POSS/EXP/WRIT RETURNED/POSSESSION GIVEN TO L&I INSPECTOR ROBER BROOKS PROPERTY CLEARED AND FOUND UPON JOHN AND JANE DOE, ABRAHAM ITUAH AND ABRAHAM ITUAH BY PERSONAL SERVICE ON 01/08/2019 FILED. | | | |

| 07-MAR-2019 12:54 PM | ORDER OF THE APPELLATE COURT | | | 07-MAR-2019 12:00 AM |
|---|---|---|---|---|
| Documents: | ✂ Click link(s) to preview/purchase the documents APGEN_22.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |

| Docket Entry: | 47 CD 2019 NOW, FEBRUARY 26, 2019, UPON REVIEW OF THE PHILADELPHIA COURT OF COMMON PLEAS' (TRAIL COURT) FEBRUARY 13, 2019 Pa.R.A.P. 1925 (a) OPINION, IT APPEARS THAT THE TRIAL COURT OPINED THAT APPELLANT FAILED TO PRESERVE ANY ISSUES FOR APPELLATE REVIEW BECAUSE HE DID NOT FILE A CONCISE STATEMENT OF ERRORS COMPLAINED OF ON APPEAL (STATEMENT) PURSUANT TO Pa.R.A.P. 1925 (b) AND THE TRIAL COURT'S JANUARY 8, 2019 ORDER DIRECTING HIM TO DO SO WITHIN 21 DAYS OF THAT ORDER. ACCORDINGLY, THE PARTIES SHALL ADDRESS IN THIER PRINCIPAL BRIEFS ON THE MERITS WHETHER APPELLANT PRESERVED ANY ISSUES ON APPEAL IN LIGHT OF HIS APPARENT FAILURE TO FILE STATEMENT AS DIRECTED BY THE TRIAL COURT. |

| 15-APR-2019 11:40 AM | ORDER OF THE APPELLATE COURT | | | 15-APR-2019 12:00 AM |

| Documents: | ✂ Click link(s) to preview/purchase the documents  APGEN_23.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry |

| Docket Entry: | 47 CD 2019 NOW, APRIL 8, 2019, UPON REVIEW OF APPELLEE CITY OF PHILADELPHIA'S (CITY) MOTION TO DISMISS OR QUASH APPEAL, THE MOTION IS DENIED WITHOUT PREJUDICE. APPELLANT ABRAHAM ITUAH ET AL SEEKS REVIEW OF THE JANUARY 3, 2019 ORDER OF THE COURT OF COMMON PLEAS OF PHILADELPHIA COURT (TRIAL COURT) THAT, AMONG OTHER THINGS, ORDERED THE APPELLANT'S PROPERTY TO BE VACATED AND AUTHORIZED THE CITY TO DEMOLISH THE PROPERTY. APPELLANT FILED A TIMELY NOTICE OF APPEAL ON JANUARY 4, 2019. THE TRIAL COURT THEREAFTER ISSUED A JANUARY 8, 2019 ORDER DIECTING APPELLANT TO FILE A CONCISE STATEMENT OF THE ERRORS COMPLAINED OF ON APPEAL PURSUANT TO Pa.R.A.P.1925(b). A REVIEW OF THE TRIAL COURT'S ORDER, HOWEVER, INDICATES THAT THE ORDER DOES NOT FULLY COMPLY WITH Pa.R.A.P.1925(c). IN PARTICULAR, THE TRIAL COURT'S ORDER FAILS TO ADVISE APPELLANT THAT HE MUST SERVE THE STATEMENT ON THE JUDGE. Pa.R.A.P.1925(c)(iii). IN ADDITIONAL, APPELLEE'S UNVERIFIED MOTION AVERS THAT THE CITY DEMOLISHED APPELLANT'S PROPERTY ON JANUARY 17, 2019. PENNSYLVANIA RULE OF APPELLATE PROCEDURE 123(c) REQUIRES THAT AN APPLICATION THAT SETS FIRTH FACTS NOT OF RECORD MUST BE VERIFIED BY APERSON HAVING KNOWLEDGE OF THE FACTS ASSERTED THEREIN. BECAUSE THE TRIAL COURT'S ORDER DOES NOT FULLY COMPLY WITH Pa.R.A.P.1925 AND THE MOTION IS UNVERIFIED, THE MOTION IS DISMISSED WITHOUT PREJUDICE TO REFILE A PROPERLY VERIFIED MOTION. |

| 19-JUL-2019 02:14 PM | ORDER OF THE APPELLATE COURT | | | 19-JUL-2019 12:00 AM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents  APGEN_24.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 47 CD 2019 NOW, JUNE 10, 2019, UPON CONSIDERATION OF APPELLANT'S APPLICATION FOR RECONSIDERATION OF THE COURT'S MAY 10, 2019 ORDER QUASHING THE APPEAL, THE APPLICATION FOR RECONSIDERATION IS DENIED. | | | |
| | | | | |
| 21-AUG-2019 02:33 PM | WAITING TO LIST CASE MGMT CONF | | | 21-AUG-2019 12:00 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 21-AUG-2019 04:01 PM | LISTED FOR CASE MGMT CONF | | | 21-AUG-2019 04:01 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 23-AUG-2019 12:30 AM | NOTICE GIVEN | | | 23-AUG-2019 12:30 AM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 26-SEP-2019 01:39 PM | CASE RESCHEDULED BY COURT | ITALIANO, THERESA | | 26-SEP-2019 01:39 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 26-SEP-2019 01:40 PM | LISTED FOR CASE MGMT CONF | | | 26-SEP-2019 01:40 PM |
| **Docket Entry:** | none. | | | |
| | | | | |
| 26-SEP-2019 01:40 PM | NOTICE GIVEN | | | 26-SEP-2019 01:40 PM |

https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_03.zp_dktrpt_f...

| Documents: | ⚒ Click link(s) to preview/purchase the documents<br>NOTGV_30.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
|---|---|---|
| **Docket Entry:** | *none.* | |

| 26-SEP-2019<br>01:40 PM | NOTICE GIVEN UNDER<br>RULE 236 | | | 27-SEP-2019<br>04:56 PM |
|---|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-SEP-2019 OF NOTICE GIVEN ENTERED ON 26-SEP-2019. | | | |

| 28-SEP-2019<br>12:30 AM | NOTICE GIVEN | | | 28-SEP-2019<br>12:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 02-OCT-2019<br>12:41 PM | PRAECIPE TO<br>DISCONTINUE | PHILBIN,<br>BRENDAN J | | 02-OCT-2019<br>12:42 PM |
|---|---|---|---|---|
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents<br>181203469 - Praecipe D and E.pdf | 🛒 **Click HERE to purchase all documents related to this one docket entry** | | |
| **Docket Entry:** | ORDER TO DISCONTINUE WITH PREJUDICE FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System    Search Home    Return to Results

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

                    *Plaintiff,*                        CIVIL ACTION
                                                        NO. 16-05772
        v.

CITY OF PHILADELPHIA, *et al.*

                    *Defendants.*

**PAPPERT, J.**                                         May 15, 2017

### MEMORANDUM

This lawsuit concerns actions various Defendants allegedly took to secure the sale of property Plaintiff Abraham Ituah previously owned at 3842 Fairmount Avenue in Philadelphia. Defendants filed motions to dismiss the Complaint pursuant to the *Rooker-Feldman* doctrine, *res judicata* and Rule 12(b)(6). For the reasons below, the Court grants Defendants' motions and dismisses Ituah's claims.[1]

### I.

### A.

The state-court action that resulted in the sale of Ituah's property commenced on April 22, 2015, when the City of Philadelphia filed a real estate tax lien claim against him in the Philadelphia Court of Common Pleas pursuant to the Municipal Claims and

---

[1]    To the extent Ituah's claims are barred by *Rooker-Feldman,* the Court dismisses them without prejudice for lack of subject matter jurisdiction. However, the Court dismisses with prejudice those claims that do not implicate *Rooker-Feldman* but are nonetheless barred by *res judicata.*

current residence, the City explained that he had not registered that address pursuant
to § 7193.1. (*Id.*) Under the statute, a party who fails to accurately register his interest
and address pursuant to [§ 7193.1] lacks standing to complain of improper notice if the
city complied with [§ 7193.2(a)]. *See* 53 PA. STAT. AND CONS. STAT. ANN. § 7193.2(b).
The City argued that because Ituah failed to do so and the City complied with §
7193.2(a), he could not complain of improper notice. (*Id.* (citing 53 PA. STAT. AND CONS.
STAT. ANN. § 7193.2(b))). In Ituah's reply, he argued that the sale should be set aside
because the Defendants "fraudulently obtained the judgment in [his] absence by failing
to properly [notify him] of the action that led to the sale." *See* Reply at 1, *City of
Philadelphia v. Ituah*, No. 1504T0504 (Oct. 22, 2015). Judge Carpenter denied Ituah's
motion to set aside the sale on October 26, holding that Defendants had complied with
the statutory notice requirements.

 In the meantime, Defendants were processing the transfer of the deed to
Dimopoulos and/or his corporate designee, Cool Spaces LLC. The sheriff's deed was
acknowledged on October 21, 2015 and recorded on November 14, 2015. *See* Answer in
Opp'n at 4 (Oct. 13, 2015); Reply to Mot. to Redeem at 4, *City of Philadelphia v. Ituah*,
No. 1504T0504 (Feb. 24, 2016); Answer in Opp'n to Mot. for Post-Trial Relief at 3, *City
of Philadelphia v. Ituah*, No. 1504T0504 (Apr. 11, 2016).

 Ituah filed a motion for reconsideration on November 11, arguing that the City
failed to comply with the statutory notice requirements because it had not searched the
taxpayer information system to locate the correct address at which to serve him. *See*
Mot. for Reconsideration at 1–2, *City of Philadelphia v. Ituah*, No. 1504T0504 (Nov. 11,
2015). Judge Carpenter denied the motion on November 18. On December 2, Ituah

3

the transfer of the deed "expeditiously" and "without due process" in order to prevent

him from redeeming the premises. *See* Mot. for Post-Trial Relief at ¶¶ 1, 3, *City of*

*Philadelphia v. Ituah*, No. 1504T0504 (Apr. 1, 2016). Judge Carpenter denied the

motion on April 19. On April 22, Ituah appealed to the Pennsylvania Superior Court

the Judge's March 28 decision that he had no right to redeem the property. The

Superior Court dismissed the appeal on September 13, 2016. On September 1, 2016,

Ituah filed an Application for Leave to File a Petition for Allowance of Appeal *Nunc Pro*

*Tunc* with the Pennsylvania Supreme Court. It was denied on December 29, 2016. *See*

*City of Philadelphia v. Ituah*, No. 182-EM-2016, 2016 Pa. LEXIS 2968 (Pa. Dec. 29,

2016).

## B.

Now a New York resident, Ituah filed this suit *pro se* on November 7, 2016

against the City, the Sheriff's Department, Sheriff Jewell Williams, City Attorney

Cynthia Stavrakis, Dimopoulos and Cool Spaces LLC. (ECF No. 1.) Construing his *pro*

*se* pleadings generously, *see Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), the

Court understands Ituah to be attempting to assert state law claims for abuse of

process and fraudulent misrepresentation. *See* (ECF No. 15, at 1; ECF No. 16, at 1–2).

In his Complaint, Ituah reasserts the same arguments he made unsuccessfully in state

court. He contends that his property was sold "without proper notice from the City of

Philadelphia and Sheriff's Department to Dimitros Dimopoulos for $34,500." (Compl.,

at 3.) He argues that Williams "concealed the information [Ituah] needed to know in

order to prevent the sale of the property" and filed a "false and malicious" affidavit of

service despite the fact that he "never notified [Ituah] that the sale of [his] property was

5

## II.

### A.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising

subject-matter jurisdiction in a narrow range of cases already heard in state court. *See*

*Exxon Mobil v. Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the

doctrine, a losing state-court party is "barred from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on [a]

claim that the state judgment itself violates the loser's federal rights." *Johnson v. De*

*Grandy,* 512 U.S. 997, 1005–06 (1994). "[T]here are four requirements that must be

met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state

court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3)

those judgments were rendered before the federal suit was filed; and (4) the plaintiff is

inviting the district court to review and reject the state judgments." *Great W. Mining &*

*Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (internal citations,

quotations, and alterations omitted).

*Rooker-Feldman* is not implicated every time a federal plaintiff seeks to litigate a

matter already determined by a state court: if a federal plaintiff brings "some

independent claim, albeit one that denies a legal conclusion that a state court has

reached in a case to which he was a party," the doctrine does not apply. *Great W.*

*Mining*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 293). The Third Circuit

Court of Appeals recently emphasized the narrowness of the doctrine, distinguishing

between injuries caused by the state-court judgment and those brought about by the

defendants' actions. *See Gray v. Martinez*, 465 F. App'x 86, 88 (3d Cir. 2012) (citing

7

ECF No. 6; Defs.' Mot., at 9–12, ECF No. 12), and the Court accordingly accepts as true

the allegations in the Complaint. "[W]hen a federal court concludes that it lacks

subject-matter jurisdiction, the court must dismiss the complaint in its entirety."

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## C.

"A federal court looks to the law of the adjudicating state to determine its

preclusive effect." *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573

(3d Cir. 2002). "Pennsylvania law regarding claim preclusion essentially mirrors the

federal doctrine." *Laychock v. Wells Fargo Home Mortgage*, 399 F. App'x 716, 718–19

(3d Cir. 2010). "*Res judicata,* or claim preclusion, is a doctrine by which a former

adjudication bars a later action on all or part of the claim which was the subject of the

first action. Any final, valid judgment on the merits by a court of competent

jurisdiction precludes any future suit between the parties or their privies on the same

cause of action." *Id.* (quoting *Balent v. City of Wilkes–Barre,* 669 A.2d 309, 313 (Pa.

1995)). "The doctrine applies not only to claims that are actually litigated, but also to

those that could have been litigated in the first proceeding, so long as they were part of

the same cause of action." *Id.* (quoting *Balent,* 669 A.2d at 313); *see also Riverside*

*Memorial Mausoleum, Inc. v. UMET Trust,* 581 F.2d 62, 66–67 (3d Cir. 1978) (*Res*

*judicata* also bars consideration in a second suit of previously raised defenses, as well

as defenses that the party "might have, but did not raise" in a prior matter.).

Though the Third Circuit Court of Appeals has not defined "cause of action" for

purposes of claim preclusion, it has stated that it takes "a broad view of what

constitutes the same cause of action and that *res judicata* generally is thought to turn

complaint states a plausible claim for relief is a context-specific task that "requires the
reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S.
at 679 (citations omitted).

## III.

Ituah purports to bring state law claims for abuse of process and fraudulent
misrepresentation. Under Pennsylvania law, an abuse of process occurs where "the
defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a
purpose for which the process was not designed; and (3) harm has been caused to the
plaintiff." *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993); *see also
Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003). For
a cause of action to lie, there must have been a "perversion" of legal process. *Gen.
Refractories*, 337 F.3d at 304. "'[T]here is no action for abuse of process when the
process is used for the purpose for which it is intended, but there is an incidental
motive of spite or an ulterior purpose of benefit to the defendant.'" *Rosen*, 627 A.2d at
192 (quoting Restatement (Second) of Torts § 682 cmt. b (1977)). Put differently, "[a]
cause of action for abuse of process requires some definite act or threat not authorized
by the process, or aimed at an objective not legitimate in the use of the process; there is
no liability where the defendant has done nothing more than carry out the process to its
authorized conclusion, even though with bad intentions." *Shaffer v. Stewart*, 473 A.2d
1017, 1019 (Pa. Super. Ct. 1984).

To establish a claim for fraudulent misrepresentation under Pennsylvania law, a
plaintiff must prove: "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an
intention by the maker that the recipient will thereby be induced to act, (4) justifiable

depriving him of proper notice. This would likely violate the *Rooker-Feldman* doctrine,

applicable where (1) a plaintiff who lost in state court (2) complains of injuries caused

by a state-court judgment (3) that was rendered before the federal suit was filed and (4)

invites the district court to review and reject the state judgment. *See Great W.*

*Mining*, 615 F.3d at 166. The second and fourth factors are "the key to determining

whether a federal suit presents an independent, non-barred claim." *Id.*

The first and third factors are satisfied here. The "critical task" in evaluating

the second factor is to "identify those federal suits that profess to complain of injury by

a third party, but actually complain of injury 'produced by a state-court judgment and

not simply ratified, acquiesced in, or left unpunished by it.'" *Great Western*, 615 F.3d at

167 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005)).

The Third Circuit Court of Appeals has stated that the timing of the injury can be a

"useful guidepost" in determining its source, "that is, whether the injury complained of

in federal court existed prior to the state-court proceedings and thus could not have

been 'caused by' those proceedings." *Id.* (quoting *McKithen v. Brown*, 481 F.3d 89, 98

(2d Cir. 2007)). Of course, this inquiry "becomes more complicated when a federal

plaintiff complains of an injury that is in some fashion related to a state-court

proceeding." *Id.*

Here, the injuries of which Ituah complains are the loss of his property and the

resulting psychological and financial harm. On one hand, these injuries did not predate

the state-court judgment and could be framed as injuries that were produced by the

state-court judgment. On the other hand, however, these injuries could be framed as

the result of the actions Defendants allegedly took to obtain the state-court judgment

attack on the notice procedure implicated during the execution process of this judgment is tantamount to an attack on the state court judgment itself.").

Finally, "the nature of the relief requested by the federal plaintiff may be critical in the court's evaluation of the second and fourth requirements." *In re Sabertooth, LLC,* 443 B.R. 671, 681–82 (E.D. Pa. 2011) (citing *In re Randall,* 358 B.R. 145, 155–56 (E.D. Pa. 2006)). In addition to compensatory damages, Ituah requests that the Court set aside the sheriff's sale and return his property to him. This would directly negate the state-court proceedings. *See also In re Madera,* 586 F.3d 228, 232 (3d Cir. 2009) (a lower federal court may not review a state court's foreclosure decision and prohibit the victorious party from enforcing its judgment).

In sum, Ituah's claim is barred by *Rooker-Feldman* because "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *In re Madera,* 586 F.3d at 232; *see also Great W. Mining,* 615 F.3d at 170 n.4 (citing *In Re Madera* approvingly). Even if the Court were to find that *Rooker-Feldman* did not bar Ituah's claim, the claim would nevertheless be precluded by *res judicata* because Ituah raised and litigated this argument on several occasions in the state-court proceedings. *See Balent,* 669 A.2d at 313.

## B.

Ituah's Complaint can also be read as alleging that Defendants abused the process or made a fraudulent misrepresentation by filing a misleading affidavit of service certifying to the court that they had attempted to give Ituah notice when, in reality, they had not informed Ituah about the sheriff's sale and were actively trying to

This claim, however, is barred by *res judicata*. Even after the delivery of the sheriff's deed, a sheriff's sale may be set aside based on fraud or lack of authority to make the sale. *Mortgage Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. Ct. 2009). In fact, Ituah raised this argument on at least two occasions in the state-court proceedings. In arguing for the sale to be set aside, he claimed that the Defendants "fraudulently obtained the judgment in [his] absence by failing to properly [notify him] of the action that led to the sale." *See* Reply at 1, *City of Philadelphia v. Ituah*, No. 1504T0504 (Oct. 22, 2015). He later argued that he should be permitted to redeem the property because "[t]he City deliberately failed to locate [his] address" in the taxpayer information system so as to fraudulently prevent him from finding out about the sale of his property. *See* Mot. to Redeem at 1–2, *City of Philadelphia v. Ituah*, No. 1504T0504 (Dec. 2, 2015). The court denied these motions. Because Ituah litigated this issue in state court, *res judicata* bars him from re-litigating it now. *See Balent*, 669 A.2d at 313 (a valid, final judgment on the merits precludes future litigation between the parties or their privies on the same cause of action, including claims that could have been litigated during the first proceeding).

## C.

Finally, Ituah contends that Defendants committed an abuse of process by agreeing to transfer the deed quickly and illegally from Dimopoulos to Cool Spaces, his corporate designee, so as to prevent Ituah from redeeming the property. He claims Defendants then concealed this information and deceived the judge into entering judgment in Dimopoulos's favor. Effectuating a procedurally improper transfer of the deed in order to deprive Ituah of his right to redeem his property could constitute an

17

would be dismissed from the suit and all claims against it would have to be brought against the City. *See Regalbuto v. City of Philadelphia*, 937 F. Supp. 374, 377 (E.D. Pa. 1995), *aff'd*, 91 F.3d 125 (3d Cir. 1996).

Furthermore, the City, as a municipal entity with governmental immunity, cannot be sued for intentional torts premised on the willful misconduct of its employees. *See Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. Ct. 2014) (collecting cases). Ituah would therefore be barred from bringing claims of abuse of process and fraudulent misrepresentation against the City. *See id.*

Ituah's allegations are also insufficient to state claims against the remaining Defendants. Ituah has failed to identify a fraudulent misrepresentation made by Defendants and falls far short of meeting the particularity with which Rule 9(b) requires misrepresentations to be alleged. *See State Farm Mut. Auto. Ins. Co. v. Ficchi*, No. 10-555, 2011 WL 2313203, at *7 (E.D. Pa. June 13, 2011) (collecting cases). Likewise, with respect to his purported abuse of process claim, he has not identified a "definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process" committed by Defendants. *Shaffer*, 473 A.2d at 1019. Ituah proffers no argument as to how the transfer of the deed was procedurally improper, beyond the one that was already rejected by the state court. And nothing in the Act suggests that the Defendants were not allowed to effectuate the transfer of the deed or were required to delay doing so until it became apparent that Ituah did not wish to exercise his right to redeem. In fact, Williams may not have been able to delay the transfer even if he had wanted to—in Pennsylvania, the "purchaser at the sheriff's sale obtains equitable ownership of the property and upon settling with the Sheriff, the

nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.*

Ituah's claims must therefore be dismissed because to the extent he seeks redress for injuries caused by the state-court judgments, they are barred by *Rooker-Feldman*, and to the extent he seeks relief for injuries independent of, albeit related to, the state-court proceedings, they are both barred by *res judicata* and insufficient under Rule 12(b)(6).

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABRAHAM ITUAH,

    *Plaintiff,*

  v.

              CIVIL ACTION
              NO. 16-05772

CITY OF PHILADELPHIA, *et al.*

    *Defendants.*

### ORDER

  **AND NOW**, this 15th day of May, 2017, upon consideration of Defendants'

motions to dismiss, (ECF Nos. 6 & 12), and Plaintiff Ituah's responses, (ECF Nos. 15 &

19), it is hereby **ORDERED** that:

1. Defendants' motions to dismiss, (ECF Nos. 6 & 12), are **GRANTED**;

2. Ituah's claims are **DISMISSED**;[4]

3. This case shall be **CLOSED** for statistical purposes.

           BY THE COURT:

           */s/ Gerald J. Pappert*
           GERALD J. PAPPERT, J.

---

[4] To the extent Ituah's claims are barred by *Rooker-Feldman,* the Court dismisses them without prejudice for lack of subject matter jurisdiction. However, the Court dismisses with prejudice those claims that do not implicate *Rooker-Feldman* but are nonetheless barred by *res judicata.*

## CERTIFICATE REGARDING PRIVACY REDACTIONS
## AND VIRUS SCANNING

I certify (1) that all required privacy redactions have been made in this brief, in compliance with 3rd Cir. Rules that the electronic submission is an exact copy of the paper document, in compliance with 3rd Cir. Rules, and (3) that the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. Date: February 5, 2018.

ABRAHAM ITUAH

February 5, 2018

92 Robinson Avenue
Newburgh, NY 12550

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### No. <u>17-2562</u>

IN RE: Abraham Ituah v. City of Philadelphia, et al

*Appellant*

## ORDER

**AND NOW,** upon consideration of the Appellant's Petition for Rehearing, and after notice and hearing:

It is hereby **ORDERED** that:

1.      The Petition is **GRANTED**.

Date: _____                    _____

                                               **HONORABLE JUDGE(S)**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, I filed the foregoing PETITION FOR

REHEARING EN BANC with the Clerk of the Court for the United States Court of Appeals for

the Third Circuit. I certify that all participants in this case are registered CM/ECF users and that

service will be accomplished by the appellate CM/ECF system.

Daniel J. Auerbach, Esq.
City of Philadelphia
Law Department
1515 Arch Street-Suite
Philadelphia, PA 19102

Peter G. Mylonas, Esq.
2725 West Chester Pike
Broomall, PA 19008

February 6, 2018

ABRAHAM ITUAH
92 Robinson Avenue
Newburgh, NY 12550

IN THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA
CIVIL TRIAL DIVISION

RECEIVED

MAR 2 8 2016

OFFICE OF JUDICIAL
RECORDS

CITY OF PHILADELPHIA　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　CASE NO.: 1504T0504
　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
ITVAH　　　　　　　　　　　　　　:　　CONTROL NO.: 15117059
　　　　　　　　　　　　　　　　　:

<u>ORDER</u>

AND NOW, this 23rd day of March, 2016, upon the Rule to Show Cause issued by this Court on February 16, 2016, and the hearing held on this date; this Court has found the property at issue was vacant ninety (90) days before the Sheriff Sale and, thus, is not subject to redemption for the reasons set forth on the record.[1]  The Sheriff of Philadelphia SHALL remit all excess funds to the original owner/petitioner, ITVAH.  Jurisdiction relinquished.

BY THE COURT:

_____
CARPENTER, J.

3/28/16.

DOCKETED

MAR 2 8 2016

MICHAEL TIERNEY
JUDICIAL RECORDS

City Of Philadelphia Vs-ORDER

15040050404041

_____
[1] Vacant since fire in November, 2013 and was not under active rehabilitation.

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. SPARACINO 03/28/2016





No Items in Cart    LOGIN

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| Case ID: | 1504T0504 |
| Case Caption: | CITY OF PHILADELPHIA VS ITUAH |
| Filing Date: | Wednesday, April 22nd, 2015 |
| Court: | REAL ESTATE TAX LIEN PETITION |
| Location: | City Hall |
| Jury: | NON JURY |
| Case Type: | REAL ESTATE TAX LIEN PETITION |
| Status: | ORDER AND DECREE - FINAL DISPO |
| Cross Reference: | TL 243013900 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*See Lists of Pages*

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | ZWOLAK, JAMES J |
| **Address:** | MUNICIPAL SERVICES BUILDING 1401 JOHN F. KENNEDY BLV. 5TH FLOOR PHILADELPHIA PA 19102 (215)686-0523 | **Aliases:** | *none* | |

**EXHIBIT**

"A"

https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_03.zp_dktrpt_frames

2/13/2017

| 2 | | 1 | PLAINTIFF | CITY OF PHILADELPHIA |
|---|---|---|---|---|
| **Address:** | c/o LAW DEPARTMENT 1515 ARCH ST, 14TH FLOOR PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 3 | | | DEFENDANT | ITUAH, ABRAHAM |
|---|---|---|---|---|
| **Address:** | 3843 FAIRMOUNT AVENUE PHILADELPHIA PA | **Aliases:** | *none* | |

| 4 | | | PRO SE FILER | ITUAH, ABRAHAM |
|---|---|---|---|---|
| **Address:** | 5229 GERMANTOWN AVENUE P O BOX 48024 PHILADELPHIA PA 19144 (267)471-5511 | **Aliases:** | *none* | |

| 5 | | 1 | ATTORNEY FOR PLAINTIFF | STAVRAKIS, CYNTHIA |
|---|---|---|---|---|
| **Address:** | 1601 CHERRY STREET SUITE 1210 PHILADELPHIA PA 19102 (215)557-5652 | **Aliases:** | *none* | |

| 6 | | | JUDGE | CARPENTER, LINDA |
|---|---|---|---|---|
| **Address:** | PHILADELPHIA | **Aliases:** | *none* | |

| 7 | | | ATTORNEY FOR RESPONDENT | MYLONAS, PETER G |
|---|---|---|---|---|

| Address: | MARPLE EXECUTIVE CENTER 2725 WEST CHESTER PIKE BROOMALL PA 19008 (610)355-1000 | Aliases: | none |
|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 22-APR-2015 05:15 PM | ACTIVE CASE | | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | E-Filing Number: 1504046124 | | | |
| 22-APR-2015 05:15 PM | COMMENCEMENT OF CIVIL ACTION | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Documents:** | 🔗 Click link(s) to preview/purchase the documents Final Cover | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |
| 22-APR-2015 05:15 PM | AMENDED TAX CLAIM FILED | ZWOLAK, JAMES J | $5,468.01 | 23-APR-2015 10:37 AM |
| **Documents:** | 🔗 Click link(s) to preview/purchase the documents 3843 Fairmount Avenue.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AMENDED CLAIM FILED. FOR RULE INFORMATION, SEE RECORD. | | | |
| 22-APR-2015 05:15 PM | CITY CHARGE | ZWOLAK, JAMES J | | 23-APR-2015 10:37 AM |
| **Docket Entry:** | *none.* | | | |

Case 21-00293-JKF   Doc 4-1   Filed 10/20/17   Entered 10/20/17 12:25:46   Desc
Exhibit Exhibit A   Page 4 of 14

| 13-MAY-2015 09:23 AM | RULE ISSUED | | | 13-MAY-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents RLFTX_5.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | RULE ENTERED UPON ALL INTERESTED PARTIES TO SELL THE PREMISES 3843 FAIRMOUNT AVE. AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, BY THE SHERIFF OF PHILADELPHIA COUNTY BECAUSE OF DELINQUENT REAL ESTATE TAXES, FREE AND CLEAR OF ANY ENCUMBRANCES. EO-DIE PETITION FILED. ...BY THE COURT - CARPENTER, J., 5/8/15 | | | |
| 09-JUL-2015 02:55 PM | AFFIDAVIT OF SERVICE FILED | | | 09-JUL-2015 02:55 PM |
| Documents: | Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |
| 10-JUL-2015 07:56 AM | AFFIDAVIT OF SERVICE FILED | | | 10-JUL-2015 08:56 AM |
| Documents: | Click link(s) to preview/purchase the documents BRT_3843 Fairmount Avenue_07-09-2015.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ABRAHAM ITUAH BY POSTING OF PREMISES ON 07/05/2015 FILED. | | | |
| 04-AUG-2015 06:41 PM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 05-AUG-2015 08:43 AM |
| Documents: | Click link(s) to preview/purchase the documents 1504T0504.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF UPON BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 07/20/2015 FILED. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |
| 10-AUG-2015 11:37 AM | ORDER AND DECREE - FINAL DISPO | | | 10-AUG-2015 12:00 AM |
| Documents: | Click link(s) to preview/purchase the documents | | Click HERE to purchase all documents related to this one docket entry | |

ORDRT_9.pdf

| | | | | |
|---|---|---|---|---|
| Docket Entry: | DECREE ENTERED. THE COURT ORDERS AND DECREES THAT THE PREMISES, TO WIT: 3843 FAIRMOUNT AVE, AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, SHALL BE SOLD BY THE SHERIFF, CLEAR OF ALL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES, TO THE HIGHEST BIDDER AT SUCH SALE; AND THE PROCEEDS REALIZED THEREFROM SHALL BE DISTRIBUTED IN ACCORDANCE WITH THE PRIORITY OF SUCH CLAIMS; AND THE PURCHASE AT SUCH SALE SHALL TAKE AND FOREVER THEREAFTER HAVE, AN ABSOLUTE TITLE TO THE PROPERTY SOLD, FREE AND DISCHARGED OF ALL TAX AND MUNICIPAL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES OF WHATSOEVER KIND, SUBJECT ONLY TO THE RIGHT OF REDEMPTION AS PROVIDED BY LAW. ...BY THE COURT - CARPENTER, J., 8/7/2015 | | | |
| 11-SEP-2015 11:05 AM | AFFIDAVIT OF SERVICE FILED | ZWOLAK, JAMES J | | 11-SEP-2015 11:05 AM |
| Documents: | ✍ Click link(s) to preview/purchase the documents 1504T0504.pdf | | ✉ Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF DECREE UPON ABRAHAM ITUAH BY FIRST CLASS REGULAR MAIL ON 09/03/2015 FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |
| 21-SEP-2015 02:04 PM | SHERIFF'S SALE (R.E. WRITS) | | | 22-SEP-2015 10:11 AM |
| Docket Entry: | PROPERTY SOLD TO DIMITRIOS DIMOPOULOS FOR THE SUM OF $34,500.00 ON 09/16/2015. - WRIT NUMBER 1509-115 | | | |
| 21-SEP-2015 02:25 PM | MOTION SET ASIDE SHERIFF SALE | ITUAH, ABRAHAM | | 21-SEP-2015 02:32 PM |
| Documents: | ✍ Click link(s) to preview/purchase the documents 20150921141343681.pdf Motion CoverSheet Form MTSAS_11_001.pdf | | ✉ Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 RESPONSE DATE 10/13/2015. (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |
| 13-OCT-2015 05:15 PM | | STAVRAKIS, CYNTHIA | | 14-OCT-2015 09:12 AM |

2/13/2017

| | ANSWER (MOTION/PETITION) FILED | | | |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>Ituah 1504T0504.pdf<br>Motion CoverSheet Form | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| | | | | |
|---|---|---|---|---|
| 15-OCT-2015 11:14 AM | MOTION ASSIGNED | | | 15-OCT-2015 11:14 AM |
| Docket Entry: | 43-15092343 MOTION SET ASIDE SHERIFF SALE ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: OCTOBER 15, 2015 | | | |

| | | | | |
|---|---|---|---|---|
| 22-OCT-2015 12:42 PM | REPLY FILED | ITUAH, ABRAHAM | | 22-OCT-2015 12:00 AM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>REPLY_15.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 REPLY TO PLF'S ANSWER IN OPPOSITION OF MOTION SET ASIDE SHERIFF SALE FILED. | | | |

| | | | | |
|---|---|---|---|---|
| 26-OCT-2015 12:03 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 26-OCT-2015 12:03 PM |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>ORDER_16.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 43-15092343 IT IS HEREBY ORDERD AND DECREED THAT SAID MOTION TO SET ASIDE SHERIFF'S SALE FILED UNDER CONTROL #15092343 AND THE RESPONSES THERETO, IS BEEN DENIED. ...BY THE COURT: CARPENTER, J. 10/23/15 | | | |

| | | | | |
|---|---|---|---|---|
| 26-OCT-2015 12:03 PM | NOTICE GIVEN UNDER RULE 236 | | | 26-OCT-2015 01:34 PM |
| Docket Entry: | NOTICE GIVEN ON 26-OCT-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-OCT-2015. | | | |

Exhibit Exhibit A   Page 7 of 14

| 17-NOV-2015 11:28 AM | MOTION FOR RECONSIDERATION | ITUAH, ABRAHAM | | 17-NOV-2015 11:29 AM |
|---|---|---|---|---|
| Documents: | ♻ Click link(s) to preview/purchase the documents 20151117111341020.pdf Motion CoverSheet Form | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION OF JUDGE CARPENTER'S ORDER DATED 10/26/15 (FILED ON BEHALF OF ABRAHAM ITUAH) | | | |

| 18-NOV-2015 10:17 AM | MOTION ASSIGNED | | | 18-NOV-2015 10:17 AM |
|---|---|---|---|---|
| Docket Entry: | 13-15112413 MOTION FOR RECONSIDERATION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: NOVEMBER 18, 2015 | | | |

| 19-NOV-2015 12:36 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 19-NOV-2015 12:36 PM |
|---|---|---|---|---|
| Documents: | ♻ Click link(s) to preview/purchase the documents ORDER_20.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 13-15112413 UPON CONSIDERATION OF THE MOTION FOR RECONSIDERATION, AND ANY RESPONSE THERETO, IT IS HEREBY ORDERED AND DECREED THAT MOTION OS DENIED... BY THE COURT: CARPENTER, J. 11/18/2015 | | | |

| 19-NOV-2015 12:36 PM | NOTICE GIVEN UNDER RULE 236 | | | 19-NOV-2015 04:16 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 19-NOV-2015 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-NOV-2015. | | | |

| 02-DEC-2015 12:17 PM | MOTION TO REDEEM PREMISES | ITUAH, ABRAHAM | | 02-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ♻ Click link(s) to preview/purchase the documents MTRPR_22_001.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 RESPONSE DATE 12-22-15. | | | |

| 22-DEC-2015 05:09 PM | | STAVRAKIS, CYNTHIA | | 23-DEC-2015 08:29 AM |
|---|---|---|---|---|




| | ANSWER (MOTION/PETITION) FILED | | | |
|---|---|---|---|---|
| Documents: | 🔗 Click link(s) to preview/purchase the documents<br>Ituah redemption 1504T0504.pdf<br>Motion CoverSheet Form | | 🖱 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 23-DEC-2015 09:50 AM | AFFIDAVIT OF SERVICE FILED | | | 23-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | 🔗 Click link(s) to preview/purchase the documents<br>AFDVT_24.pdf | | 🖱 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | OF MOTION TO REDEEM PREMISES BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON CITY OF PHILADELPHIA ON 4-DEC-2015. | | | |

| 24-DEC-2015 09:59 AM | MOTION ASSIGNED | | | 24-DEC-2015 09:59 AM |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 MOTION TO REDEEM PREMISES ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: DECEMBER 24, 2015 | | | |

| 28-DEC-2015 11:23 AM | RULE ISSUED | CARPENTER, LINDA | | 28-DEC-2015 11:26 AM |
|---|---|---|---|---|
| Documents: | 🔗 Click link(s) to preview/purchase the documents<br>RLFIS_26.pdf | | 🖱 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 59-15117059 A RULE IS ISSUED UPON THE REPSONDENT AND THIRD PARTY PURCHASER TO SHOW CASE WHY THE PETITIONER IS NOT ENTITLED TO REDEEM THE SUBJECT PREMISES. HEARING SHALL BE HELD ON FEBRUARY 11, 2016 IN ROOM 232 CITY HALL, AT 2:30PM IN WHICH PETITIONER SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. NOTICE OF THE ENTRY OF THIS ORDER SHALL BE PROVIDED TO ALL PARTIES, INCLUDING THIRD PARTY PURCHASER BY PETITIONER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J. DECEMBER 28, 2015 | | | |

| 28-DEC-2015 11:23 AM | NOTICE GIVEN UNDER RULE 236 | | | 29-DEC-2015 10:21 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 29-DEC-2015 OF RULE ISSUED ENTERED ON 28-DEC-2015. | | | |

| 28-DEC-2015 11:27 AM | MOTION HEARING SCHEDULED | | | 28-DEC-2015 11:27 AM |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 HEARING ON FEBRUARY 11, 2016 AT 2:30PM IN ROOM 232 CITY HALL, PHILA, PA | | | |

| 30-DEC-2015 12:30 AM | NOTICE GIVEN | | | 30-DEC-2015 12:30 AM |
|---|---|---|---|---|
| Docket Entry: | *none.* | | | |

| 30-DEC-2015 04:19 PM | REPLY FILED | ITUAH, ABRAHAM | | 30-DEC-2015 12:00 AM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents REPLY_30.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 59-15117059 PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO MOTION TO REDEEM PREMESIS FILED | | | |

| 22-JAN-2016 01:05 PM | AFFIDAVIT OF SERVICE FILED | | | 22-JAN-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents AFDVT_31.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | OF RULE TO SHOW CAUSE, PETITION AND REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON DIMITROS DIMOPOULOS AND JAMES J ZWOLAK ON 12/23/16 AND 1/5/16. | | | |

| 11-FEB-2016 12:01 PM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 11-FEB-2016 02:29 PM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents doc20160211120249.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | | |

Exhibit Exhibit A   Page 10 of 14

Motion CoverSheet Form

| | | | | |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 ANSWER IN OPPOSITION OF MOTION TO REDEEM PREMISES FILED. (FILED ON BEHALF OF COOL SPACES, LLC AND DIMITRIOS DIMOPOULOS) | | | |
| | | | | |
| 17-FEB-2016 09:46 AM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 17-FEB-2016 09:50 AM |
| Documents: | ⚙ Click link(s) to preview/purchase the documents<br>ORDER_33.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| | | | | |
| Docket Entry: | 59-15117059 THIRD PARTY PURCHASER HAS BEEN GRANTED INTERVENOR STATUS AT THE BAR OF THE COURT. FURTHER HEARING SHALL BE HELD ON MARCH 23, 2016, IN ROOM 232, CITY HALL, AT 1:30 PM IN WHICH THE PARTIES SHALL BE PREPARED TO PRESENT EVIDENCE OF PETITIONER'S RIGHT TO REDEMPTION AND ABILITY TO PAY THE REDEMPTION AMOUNT WITHIN 30 DAYS. THE PARTIES TO ENGAGE IN DISCOVERY ON THE REDEMPTION ISSUES TO BE COMPLETED WITHIN 30 DAYS OF THIS ORDER. THE RIGHT OF REDEMPTION MAY BE LOST IF PETITIONER FAILS TO TIMELY SERVE THIRD PARTY PURCHASER AND THE CITY, WITH A COPY OF THIS RULE AND THE PETITION. ...BY THE COURT: CARPENTER, J., 2/17/16 | | | |
| | | | | |
| 17-FEB-2016 09:46 AM | NOTICE GIVEN UNDER RULE 236 | | | 18-FEB-2016 09:13 AM |
| Docket Entry: | NOTICE GIVEN ON 18-FEB-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 17-FEB-2016. | | | |
| | | | | |
| 17-FEB-2016 09:56 AM | MOTION HEARING SCHEDULED | | | 17-FEB-2016 09:56 AM |
| Docket Entry: | 59-15117059 HEARING SCHEDULED FOR 3/23/16 AT 1:30 IN 232 PER JUDGE'S ORDER ISSUED 2/16/16 | | | |
| | | | | |
| 19-FEB-2016 12:30 AM | NOTICE GIVEN | · | · | 19-FEB-2016 12:30 AM |
| Docket Entry: | none. | | | |
| | | | | |
| 24-FEB-2016 02:39 PM | MOTION/PETITION REPLY FILED | ITUAH, ABRAHAM | | 24-FEB-2016 12:00 AM |

Exhibit Exhibit A    Page 11 of 14

| Documents: | ✎ Click link(s) to preview/purchase the documents REPLM_37.pdf | | | Click HERE to purchase all documents related to this one docket entry |
|---|---|---|---|---|
| Docket Entry: | 59-15117059 DEFENDANTS REPY TO MOTION TO REDEEM PREMISES FILED. | | | |

| 04-MAR-2016 12:59 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 04-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents AFDVT_38.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF REPLY BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED ON 18-FEB-2016. | | | |

| 21-MAR-2016 01:02 PM | MOTION FOR SANCTIONS | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents MTSAN_39.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 60-16035860 RESPONSE DATE 4-11-16. | | | |

| 21-MAR-2016 01:06 PM | AFFIDAVIT OF SERVICE FILED | ITUAH, ABRAHAM | | 21-MAR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents AFDVT_40.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | OF RESPONSE TO PRODUCTION OF DOCUMENTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON ATTORNEY FOR PETER MYLONA ON 29-FEB-2016, 9-MAR-2016, 9-MAR-2016, AND 26-FEB-2016. | | | |

| 28-MAR-2016 12:16 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 28-MAR-2016 12:16 PM |
|---|---|---|---|---|
| Documents: | ✎ Click link(s) to preview/purchase the documents ORDER_41.pdf | | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 59-15117059 IT IS HEREBY ORDERED THIS COURT HAS FOUND THE PROPERTY AT ISSUE WAS VACANT NINETY(90) DAYS BEFORE THE SHERIFF SALE AND, THUS, IS NOT SUBJECT TO REDEMPTION FOR THE REASONS SET FORTH ON THE RECORD. THE SHERIFF OF | | | |

Case 17-00200-jkf   Doc 41   Filed 10/05/17   Entered 10/05/17   Doc

PHILADELPHIA SHALL REMIT ALL EXCESS FUNDS TO THE
ORIGINAL OWNER/PETITIONER, ITVAH. JURISDICTION
RELINQUISHED.........BY THE COURT: CARPENTER, J. 03/23/2016

| 28-MAR-2016 12:16 PM | NOTICE GIVEN UNDER RULE 236 | | | 28-MAR-2016 04:49 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 28-MAR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 28-MAR-2016. | | | |

| 30-MAR-2016 09:05 AM | ANSWER (MOTION/PETITION) FILED | MYLONAS, PETER G | | 30-MAR-2016 09:08 AM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents doc20160330090552.pdf Motion CoverSheet Form | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 60-16035860 ANSWER IN OPPOSITION OF MOTION FOR SANCTIONS FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |

| 01-APR-2016 01:11 PM | POST TRIAL MOTION | ITUAH, ABRAHAM | | 01-APR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents PTTMF_44.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 MOTION FOR POST-TRIAL RELIEF FILED. | | | |

| 01-APR-2016 02:16 PM | POST TRIAL MOTION ASSIGNED | | | 01-APR-2016 02:16 PM |
|---|---|---|---|---|
| Docket Entry: | 20-16046020 POST TRIAL MOTION ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 01, 2016 | | | |

| 11-APR-2016 02:15 PM | ANS-OPP. TO POST-TRIAL MOTION | MYLONAS, PETER G | | 11-APR-2016 02:25 PM |
|---|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents doc20160411141707.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | 20-16046020 ANSWER IN OPPOSITION OF POST-TRIAL MOTION FILED. (FILED ON BEHALF OF DIMITRIOS DIMOPOULOS) | | | |

| 13-APR-2016 02:32 PM | MOTION ASSIGNED | | | 13-APR-2016 02:32 PM |
|---|---|---|---|---|
| Docket Entry: | 60-16035860 MOTION FOR SANCTIONS ASSIGNED TO JUDGE: CARPENTER, LINDA . ON DATE: APRIL 13, 2016 | | | |

| 19-APR-2016 04:38 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 19-APR-2016 04:38 PM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents ORDER_48.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 20-16046020 AND NOW, THIS 15TH DAY OF APRIL, 2016, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE DEFENDANT'S MOTION FOR POST TRIAL RELIEF IS HEREBY DENIED.... BY THE COURT; CARPENTER,J | | | |

| 19-APR-2016 04:38 PM | NOTICE GIVEN UNDER RULE 236 | | | 20-APR-2016 12:20 PM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 20-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 19-APR-2016. | | | |

| 22-APR-2016 10:57 AM | APPEAL TO SUPERIOR COURT | ITUAH, ABRAHAM | | 22-APR-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents APSUP_50.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | ***************************************** NOTICE IS HEREBY GIVEN THAT ABRAHAM ITUAH APPEALS FROM THE ORDER DATED MARCH 23, 2016 AND DOCKETED ON MARCH 28, 2016 BY JUDGE LINDA CARPENTER. PROOF OF SERVICE FILED****************************************** | | | |

| 26-APR-2016 04:13 PM | ORDER ENTERED/236 NOTICE GIVEN | CARPENTER, LINDA | | 26-APR-2016 04:13 PM |
|---|---|---|---|---|
| Documents: | ♣ Click link(s) to preview/purchase the documents ORDER_51.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | 60-16035860 IT IS HEREBY ORDERED AND DECREED THAT THE MOTION IS DENIED. ...BY THE COURT: CARPENTER, J. 4/21/2016 | | | |

| 26-APR-2016 04:13 PM | NOTICE GIVEN UNDER RULE 236 | | | 27-APR-2016 08:26 AM |
|---|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 27-APR-2016 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 26-APR-2016. | | | |

| 27-APR-2016 12:08 PM | FEE PD PURSUANT TO ORDER | | | 27-APR-2016 12:00 AM |
|---|---|---|---|---|
| Docket Entry: | CHECK NO. 6709 IN THE AMOUNT OF $85.50 DISBURSED TO SUPERIOR COURT OF PENNSYLVANIA | | | |

| 13-SEP-2016 10:12 AM | APPEAL DISMISSED/APPELLAT CT | | | 13-SEP-2016 12:00 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents APDSM_54.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | AT 1276 EDA 2016......6/24/16. PER CURIAM | | | |

| 20-JAN-2017 09:26 AM | PERMISSION TO APPEAL DENIED | | | 20-JAN-2017 12:00 AM |
|---|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents APPRD_55.pdf | Click HERE to purchase all documents related to this one docket entry | | |
| Docket Entry: | TO SUPREME COURT AT 182 EM 2016.....12/28/16 PER CURIAM | | | |

▶ Case Description   ▶ Related Cases   ▶ Event Schedule   ▶ Case Parties   ▶ Docket Entries

[ Search Home ]   [ Return to Results ]

# PHILADELPHIA COURT OF COMMON PLEAS
# PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

**046020**

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE: |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response. Status may be obtained online at http://courts.phila.gov*

*April* Term, *2015*
Month    Year

No. *1504 T0504*

52.68
13.0
865.6

Name of Filing Party:

*ABRAHAM ITUAH*

(Check one)  ☐ Plaintiff  ☑ Defendant
(Check one)  ☐ Movant  ☐ Respondent

*City of Philadelphia*

vs.

*Abraham Ituah*

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)*  ☐ Motion
☐ Answer to Petition  ☐ Response to Motion

Has another petition/motion been decided in this case?  ☐ Yes  ☐ No
Is another petition/motion pending?  ☐ Yes  ☐ No
*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION *(see list on reverse side)*

*MOTION FOR POST TRIAL RELIEF*

PETITION/MOTION CODE *(see list on reverse side)*

*PTTMF*

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

**I. CASE PROGRAM**

Is this case in the *(answer all questions)*:

**A. COMMERCE PROGRAM**

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?
☑ Yes  ☐ No

**B. DAY FORWARD/MAJOR JURY PROGRAM** — Year _____

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?
☐ Yes  ☐ No

**C. NON JURY PROGRAM**

Date Listed: _____

**D. ARBITRATION PROGRAM**

Arbitration Date: _____

**E. ARBITRATION APPEAL PROGRAM**

Date Listed: _____

**F. OTHER PROGRAM:** _____

Date Listed: _____

**II. PARTIES** *(required for proof of service)*
(Name, address and *telephone number* of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

*Abraham - Ituah*
*3843 Fairmount Ave*
*5245 Germantown Ave*
*Philadelphia PA 19144*
*James J Zwolak Esq.*
*1401 JFK Blvd, 5th floor*
*Philadelphia PA 19107*
*Peter G. Mylonos Esq.*
*Dimitrious Dimopolous*
*2725 West Chester Pike*
*Broomall PA 19008*

**III. OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____  _____  _____  _____
*(Attorney Signature/Unrepresented Party)*    *(Date)* 4/1/2016    *(Print Name)* ABRAHAM ITUAH    *(Attorney I.D. No.)*

The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.
No extension of the Answer/Response Date will be granted even if the parties so stipulate.

30-1061B

City Of Philadelphia Vs Ituah-PTTMF



IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

*City of Philadelphia*
_____
Plaintiff/Petitioner

v.

*Abraham Ituah*
_____
Defendant/Respondent

:
:
:
:
:
:
:
:

*April* _____ Term, 20 *16*

No. *1504T0504*

Control No. *046020*

## RULE

AND NOW, this _____ day of _____, _____, upon consideration of the foregoing Motion/Petition _____

_____

_____, a RULE is hereby entered upon the Respondent to show cause why the relief requested therein should not be granted.

RULE RETURNABLE on the _____ day of _____, _____, at _____ a.m./p.m., in Courtroom _____, City Hall, Philadelphia, PA  19107.

BY THE COURT:

_____
J.

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

City of Philadelphia
_____
                 Plaintiff

v.

Abraham Ituah
_____
                 Defendant

:
:
:
:
:
:
:
:
:
:

April _____ Term, 20 16

No. 150470504

Control No. 046020

## ORDER

AND NOW, this _____ day of _____, _____, upon consideration of the Motion/Petition _____
_____, and any response thereto, it is ORDERED and DECREED that said Motion/Petition is _____
_____.

_____
_____
_____
_____
_____

BY THE COURT:

_____
                                              J.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

### CIVIL TRIAL DIVISION

City of Philadelphia                    :        April  TERM 2015
                                        :
                          Plaintiff     :
                                        :
          v.                            :        No.   1504T0504
                                        :
Abraham Ituah                           :
                          Defendant     :                    046020

### MOTION FOR POST TRIAL RELIEF

Petitioner, Abraham Ituah hereby request approval of my petition to redeem premises as permitted by the state law since the sales occurred without me properly notified by the city of Philadelphia before September 16, 2015 the property was sold to the third party purchaser Dimitrios Dimopoulos and not Cool spaces, LLC created on October 1 2015 (Exhibit A). I have the following fact to present in support of my request.

1. The city Attorney Cynthia Stavrakis demonstrated an interest to sell the property at all cost hence she masterminded every process to prevent me from redeeming the premises by providing responses to my motions on the 30th day after normal working hours; as well as alleging that the property was vacant and hurriedly request to process the sheriff's sale deed to justify the denial of my motion.

2. The property located at 3843 Fairmont Avenue, Philadelphia was on fire in November 2013 and I began repair in January 2014 and lived there from time to time to engage study at Drexel University.

3. The city authority, sheriff department fails to notify of intention to sell the subject property but expeditiously processed the transfer of deed without due process. The City of Philadelphia alleged that the property was sold because of delinquent tax is untrue no proper service was ever sent to me to demand payment. The city staffs were

simply interested because the neighborhood is highly desirable because it location to Drexel and Penn Universities.

4. No complaint, rule and other notices were received regarding the subject property before it was sold. Otherwise, I would have filed a motion to postpone sheriff's sale, simultaneously with 419 W. Godfrey Avenue, Philadelphia that the hearing was held on September 15, 2015. The record reveals that the city of Philadelphia sold the property without making proper service. From the court record it shows that the city commenced action on April 22, 2015, the final order was granted on September 11, 2015 and the property was sold on September 16, 2015. There was no time for me to receive sheriff's notices that ought to notify me of the Judgment entered by the court before selling the property. The court record also reveals that the first Affidavit of service was filed on July 9, 2015 and August 4, 2015 for the action that started on April 22, 2015; amended tax claim on April 22, 2015; the city charge on April 22, 2015; Rule entered on May 8 2015 and issued on May 13, 2015. The Affidavit of service was filed on July 9 2015, July 10 2015 and August 4 2015. Order and Degree was entered on August 7 2015 and Affidavit of service was filed on September 11, 2015. The property was sold on September 16 2015. As a pro se petitioner, I filed a wrong motion to set aside Sheriff Sale on September 21 2015 instead of motion to redeem premises as ordered by the court.

5. The city of Philadelphia and the third party purchaser fail to respond to my request for production of document prior to hearing on March 23, 2016.

6. My request for continuance was unfairly. The continuance request was made based on the fact that plaintiff and third party purchaser motion was served on me inside the court on the day of trial. I needed time to examine the document before the trial.

7. Plaintiff should have informed the third party purchaser that the property was subject to redemption as permitted by state law and the petition to set aside sheriff sale I filed on September 21, 2015 notified the city and the third party purchaser of my intention to redeem the premises. At that time the purchaser only paid $3500 as deposit.

8. The third party purchaser's attorney response to my motion for sanction filed on March 30, 2016 after the trial should be considered late.

WHEREFORE, Petitioner Abraham Ituah hereby request the Honorable court grant my motion to redeem premises as the above stated fact reveals that the city of Philadelphia and sheriff department fails to properly provide me notices when the action to collect delinquent tax was filed. I am willing pay the tax owed.

Respectfully Submitted,

Abraham Ituah
PETITIONER

DATE 4/1/2016

# NEW DOCUMENT

IN SUPPORT OF THE MONEY
RECEIVED AT SETTLEMENT BY
THE APPELLEE BUT WAS NOT
CREDITED ACCORDINGLY OR
ACCURATELY



**City of Philadelphia**

Law Department
Tax Unit: Mass Litigation Water
Municipal Services Building
1401 JFK Boulevard
Philadelphia, PA 19102-1595

| | |
|---|---|
| Property Address: 33 S. 53rd Street | Discontinued Account(s)  ☐ **None if checked** |
| Account #: 049-88850-00033-001 | |
| Last Meter Reading: 11    Taken On: May 12, 2021 | #: _____ Balance: _____ |
| ▣ **Actual**    ☐ **Estimated** | |
| Dates of Last Billing Cycle: Apr 13, 2021 to May 12, 2021 | #: _____ Balance: _____ |
| Water/Sewer Balance: 6255.10 | |
| Restore Fee (if applicable): _____ | #: _____ Balance: _____ |
| Lien Fee (if applicable): _____ | |
| Total: $ 6255.10 | |

| | | |
|---|---|---|
| Water Code Enforcement Judgment(s) (inclusive of costs, fines, & fees)  ☐ **None if checked** | Judgment #: _____<br>Date: _____<br>Court Costs: $_____<br>Fines: $_____<br>Total: $_____ | Judgment #: _____<br>Date: _____<br>Court Costs: $_____<br>Fines: $_____<br>Total: $_____ |
| | Judgment #: _____<br>Date: _____<br>Court Costs: $_____<br>Fines: $_____<br>Total: $_____ | Judgment #: _____<br>Date: _____<br>Court Costs: $_____<br>Fines: $_____<br>Total: $_____ |
| Agency/Lien Repair Bill Balance  ☐ **None if checked** | Lien #: _____<br>Date: _____<br>Total: $_____ | Lien #: _____<br>Date: _____<br>Total: $_____ |
| HELP Loan Bill Balance  ☐ **None if checked** | HELP Loan Acct #: _____<br>Date: _____<br>Total: $_____ | |

**ACCOUNT BALANCE DUE (inclusive of all amounts listed above):** 6255.10

**GOOD THROUGH:** Jun 14, 2021

**Additional Comments:** _____

_____

**Law Department Representative's Name:** rburton          **Date:** 6/1/21

**Mail your completed form along with a certified check, settlement agent escrow check or money order payable to "City Of Philadelphia" to: Philadelphia Law Department, 1401 John F. Kennedy Blvd, Room 580, Philadelphia, PA, 19102.**

**Should you need an updated payoff figure, please send this completed form back with your request.**

For Law Department Use Only

Title  22/99

## L. Settlement Charges

| 700. | Total Real Estate Broker Fees | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| | Division of commission (line 700) as follows | | | |
| 701. | $0.00 to | | | |
| 702. | $0.00 to | | | |
| 703. | Commission paid at settlement | | | |
| 800. | Items Payable in Connection with Loan | | | |
| 801. | Our origination charge (includes Origination Point 0.000% or $0.00) | $ | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen | $ (from GFE #1) | | |
| 803. | Your adjusted origination charges | (from GFE #2) | | |
| 804. | Appraisal fee | to (from GFE A) | | |
| 805. | Credit report | to (from GFE #3) | | |
| 806. | Tax service | to (from GFE #3) | | |
| 807. | Flood certification | to (from GFE #3) | | |
| 808. | | to (from GFE #3) | | |
| 900. | Items Required by Lender to be Paid in Advance | | | |
| 901. | Daily interest charges from | from 08/26/2019 to 09/01/2019 @ $0.00/day | | |
| 902. | Mortgage insurance premium | months to (from GFE #10) | | |
| 903. | Homeowner's insurance | months to (from GFE #3) | | |
| 904. | | months to (from GFE #11) | | |
| 1000. | Reserves Deposited with Lender | | | |
| 1001. | Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. | Homeowner's insurance | months @ $ /month | | |
| 1003. | Mortgage insurance | months @ $ /month | | |
| 1004. | Property taxes | months @ $ /month | | |
| 1005. | | months @ $ /month | | |
| 1006. | School taxes | months @ $ 0.00/month $ | | |
| 1007. | Aggregate Adjustment | $ | | |
| 1100. | Title Charges | | | |
| 1101. | Title services and lender's title insurance | $ | | |
| 1102. | Settlement or closing fee | to $ (from GFE #4) | 224.00 | |
| 1103. | Owner's title insurance | to $ | | |
| 1104. | Lender's title insurance | $ (from GFE #5) | 1,880.00 | |
| 1105. | Lender's title policy limit $0.00  Lender's Policy | | | |
| 1106. | Owner's title policy limit $250,000.00  Owner's Policy | | | |
| 1107. | Agent's portion of the total title insurance premium | $1,635.60 | | |
| 1108. | Underwriter's portion of the total title insurance premium | $244.40 | | |
| 1109. | Reimburse w/s printout | to Statewide Abstract Group, Inc | 5.00 | |
| 1110. | Title Clearance | to Statewide Abstract Group, Inc | 250.00 | |
| 1111. | Fedex/Wire Fee | to Statewide Abstract Group, Inc | 25.00 | |
| 1112. | Notary Fee | to Statewide Abstract Group, Inc | 20.00 | |
| 1200. | Government Recording and Transfer Charges | | | |
| 1201. | Government recording charges | $ (from GFE #7) | 483.50 | |
| 1202. | Deed $256.75 | Mortgage $226.75  Release $ | | |
| 1203. | Transfer taxes | $ (from GFE #8) | 5,347.50 | |
| 1204. | City/County tax/stamps | Deed $8,195.00  Mortgage $ | | 4,097.50 |
| 1205. | State Tax/stamps | Deed $2,500.00  Mortgage $ | | 1,250.00 |
| 1206. | . | Deed $  Mortgage $ | | |
| 1300. | Additional Settlement Charges | | | |
| 1301. | Required services that you can shop for | (from GFE #6) | | |
| 1302. | 2019 Re Tax August | to | | |
| 1303. | #1 Case# 190202403 | to OK TO REMOVE | | 5,665.52 |
| 1304. | #2 Case# 190303997 | to OK TO REMOVE | | |
| 1305. | #3-Case #110503223/ Mortgage Doc 573 | to TD Bank | | |
| 1306. | #4 CE-100672046 | to WITHDRAWN PER WATER DEPARTMENT | | 180,000.00 |
| 1307. | #5 CE-100572626 | to City of Philadelphia | | |
| 1308. | #6 CE-1308720611 | to City of Philadelphia | | 110.00 |
| 1309. | #7 CE-1402720808 | to City of Philadelphia | | 88.00 |
| 1310. | #8 PAID SA-21670 | to City of Philadelphia | | 88.00 |
| 1311. | #9 PAID SA-21670 | to PAID SA-21670 | | |
| 1312. | #10 LT-1509114250 | to PAID SA-21670 | | |
| 1313. | 2013-2019 Release | to OK TO REMOVE | | |
| 1314. | Muni Lien #17080467 | to | | 3,636.98 |
| 1315. | Water Settlement | to | | 2,981.38 |
| | | | | 25,548.53 |
| 1400. | | | 7,636.00 | 223,765.91 |

*Paid outside of closing by (B)orrower...

Previous editions are obsolete.

HUD-1

Handwritten notes (right margin):
5,775.52
176.00
5,951.52
3,136.98
9,588.50
2,981.38
12,569.88
25,548.53
38,118.41

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

File Number: SR-2019

TitleExpress Settlement System  Printed 05/08/2019 at 11:51 MR

| SETTLEMENT STATEMENT | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **L. SETTLEMENT CHARGES** | | |
| **700.  TOTAL SALES/BROKER'S COMMISSION** based on price $56,000.00 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $        to | | |
| 702. $        to | | |
| 703.  Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801.  Loan Origination Fee    % | | |
| 802.  Loan Discount    % | | |
| 803.  Appraisal Fee | | |
| 804.  Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901.  Interest From    to    @$    /day | | |
| 902.  Mortgage Insurance Premium for    to | | |
| 903.  Hazard Insurance Premium for    to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001.  Hazard Insurance    mo. @ $    /mo | | |
| 1002.  Mortgage Insurance    mo. @ $    /mo | | |
| 1003.  City Property Tax    mo. @ $    /mo | | |
| 1004.  County Property Tax    mo. @ $    /mo | | |
| 1005.  School taxes    mo. @ $    /mo | | |
| 1009.  Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101.  Settlement w/ Closing Fee | | |
| 1102.  Reimburse w/s printout    to  Statewide Abstract Group, Inc | | 5.00 |
| 1103.  Title Examination | | |
| 1104.  Title Insurance Binder | | |
| 1105.  Deed Preparation    to  Statewide Abstract Group, Inc | | |
| 1106.  Notary Fees    to  Statewide Abstract Group, Inc | 70.00 | |
| 1107.  Attorney's fees | 14.00 | 15.00 |
| (includes above items No:                                    ) | | |
| 1108.  Title Insurance    to  Statewide Abstract Group, Inc | 749.12 | |
| (includes above items No:                                    ) | | |
| 1109.  Lender's Policy | | |
| 1110.  Owner's Policy    56,000.00 - 749.12 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201.  Recording Fees Deed $  256.75    ; Mortgage $    ; Release $ | | |
| 1202.  City/County tax/stamps    Deed $ 1,835.68    ; Mortgage $ | 256.75 | |
| 1203.  State Tax/stamps    Deed $ 560.00    ; Mortgage $ | 917.84 | 917.84 |
| 1204.    Deed $ 560.00    ; Mortgage $ | 280.00 | 280.00 |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | | |
| 1302. | | |
| 1303.  #9 Case ID#12120248    to  PA Department of Revenue | | |
| 1304.  #10 CE-1408320815    to  City of Philadelphia | | 1,128.59 |
| 1305.  #11 CE-1410720299    to  City of Philadelphia | | 754.75 |
| 1306.  #12 CE-1501330231    to  City of Philadelphia | | 1,527.50 |
| 1307.  #13 CE-1505320704    to  City of Philadelphia | | 1,073.00 |
| 1308.  Other Disbursements (1520) | | 4,265.78 |
| | 10,200.00 | 9,706.77 |
| **1400.  TOTAL SETTLEMENT CHARGES**    (enter on lines 103, Section J and 502, Section K) | 12,487.71 | 19,674.23 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

DELCO-VA FUTURE, LLC

BY ME: JOATONBER, SOLE MEMBER

X BORROWER (TOAH)

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE
UNITED STATES ON THIS OR ANY OTHER SIMILAR FORM. PENALTIES UPON
CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18
U.S. CODE SECTION 1001 AND SECTION 1010.

DATE: _____

HUD-1 systems are obsolete
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

# SETTLEMENT STATEMENT

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $50,000.00 = | | |
| Division of commission (line 700) as follows | | |
| 701. $ _____ to _____ | | |
| 702. $ _____ to _____ | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee ____ % | | |
| 802. Loan Discount ____ % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From ____ to ____ @$ ____ /day | | |
| 902. Mortgage Insurance Premium for ____ to ____ | | |
| 903. Hazard Insurance Premium for ____ to ____ | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance ____ mo @ $ ____ /mo | | |
| 1002. Mortgage Insurance ____ mo @ $ ____ /mo | | |
| 1003. City Property Tax ____ mo @ $ ____ /mo | | |
| 1004. County Property Tax ____ mo @ $ ____ /mo | | |
| 1005. School taxes ____ mo @ $ ____ /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s pmtout to Statewide Abstract Group, Inc | | 5.00 |
| 1103. Title Examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation to Statewide Abstract Group, Inc | | |
| 1106. Notary Fees to Statewide Abstract Group, Inc | 70.00 | |
| 1107. Attorney's fees | 14.00 | 15.00 |
| (includes above items No ____ ) | | |
| 1108. Title Insurance to Statewide Abstract Group, Inc | 711.50 | |
| (includes above items No ____ ) | | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy 50,000.00 - 711.50 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $ 256.75 ; Mortgage $ ____ ; Release $ ____ | 256.75 | |
| 1202. City/County tax/stamps Deed $ 1,639.00 ; Mortgage $ ____ | 819.50 | 819.50 |
| 1203. State Tax/stamps Deed $ 500.00 ; Mortgage $ ____ | 250.00 | 250.00 |
| 1204. Deed $ ____ ; Mortgage $ ____ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. 2019 Re Tax Discount to City of Philadelphia | | |
| 1302. 2012-2018 Re Tax 1504T0328 to City of Philadelphia | 1,592.29 | |
| 1303. w/s thru 2019- 1st cycle to City of Philadelphia | | 8,687.70 |
| 1304. Judgment 3 CE1506320026 to City of Philadelphia | | 3,163.94 |
| 1305. #6&7 CE1704330211/1711330027 to City of Philadelphia | | 4,843.62 |
| 1306. | | 13,727.00 |
| 1307. | | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 3,714.04 | 31,511.76 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

____ T INVESTMENTS, LLC

____ -AMTUAR

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY OTHER SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 AND SECTION 1010.

DATE ____

**SETTLEMENT STATEMENT**

TitleExpress Settlement System Printed 01/08/2019 at 11:15 NS

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700 | **TOTAL SALES/BROKER'S COMMISSION based on price $70,000.00 =** | | |
| | Division of commission (line 700) as follows: | | |
| 701 | $ to | | |
| 702 | $ to | | |
| 703 | Commission paid at Settlement | | |
| **800** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801 | Loan Origination Fee % | | |
| 802 | Loan Discount % | | |
| 803 | Appraisal Fee | | |
| 804 | Credit Report | | |
| 805 | | | |
| 806 | | | |
| 807 | | | |
| 808 | | | |
| 809 | | | |
| 810 | | | |
| 811 | | | |
| **900.** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901 | Interest From to @$ /day | | |
| 902 | Mortgage Insurance Premium for to | | |
| 903 | Hazard Insurance Premium for to | | |
| 904 | | | |
| 905 | | | |
| **1000.** | **RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001 | Hazard Insurance mo. @ $ /mo | | |
| 1002 | Mortgage Insurance mo. @ $ /mo | | |
| 1003 | City Property Tax mo. @ $ /mo | | |
| 1004 | County Property Tax mo. @ $ /mo | | |
| 1005 | School taxes mo. @ $ /mo | | |
| 1009 | Aggregate Analysis Adjustment mo. @ $ /mo | | |
| **1100.** | **TITLE CHARGES** | 0.00 | 0.00 |
| 1101 | Settlement or Closing Fee | | |
| 1102 | Reimburse w/s printout to Statewide Abstract Group, Inc | | |
| 1103 | Title Examination | | 5.00 |
| 1104 | Title Insurance Binder | | |
| 1105 | Deed Preparation to Statewide Abstract Group, Inc | | |
| 1106 | Notary Fees to Statewide Abstract Group, Inc | 70.00 | |
| 1107 | Attorney's fees | 14.00 | 15.00 |
| | (includes above items No: | | |
| 1108 | Title Insurance to Statewide Abstract Group, Inc | 836.90 | |
| | (includes above items No: ) | | |
| | Lender's Policy 105,500.00 - 1,059.20 | | |
| | Owner's Policy 70,000.00 - 222.30 | | |
| 1111 | | | |
| 1112 | | | |
| 1113 | | | |
| **1200.** | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201 | Recording Fees Deed $ 252.00 ; Mortgage $ ; Release $ | 252.00 | |
| 1202 | City/County tax/stamps Deed $ 2,294.60 ; Mortgage $ | 2,294.60 | |
| 1203 | State Tax/stamps Deed $ 700.00 ; Mortgage $ | 700.00 | |
| 1204 | Deed $ ; Mortgage $ | | |
| 1205 | | | |
| **1300.** | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301 | #1 SC-16 03033508 to Lorie Patterson c/o Rachel Garland | | |
| 1302 | #2 CE-16 2820075 to Water Revenue Bureau | | 4,951.00 |
| 1303 | #3 CE-17 02320301 to City of Philadelphia | | 2,417.01 |
| 1304 | #4 CE-17 02320300 | | 3,307.23 |
| 1305 | #5 CE-17 05330178 to City of Philadelphia | | |
| 1306 | #6 CE-18 01820326 to Water Revenue Bureau | | 3,809.00 |
| 1307 | w/s thru 2018- 12th cycle to City of Philadelphia | | 1,649.98 |
| 1308 | Other Disbursements (1520) | | 8,380.13 |
| | | 31,243.06 | 5,729.52 |
| **1400.** | **TOTAL SETTLEMENT CHARGES** (enter on lines 103, Section J and 502, Section K) | 35,410.56 | 30,263.87 |

**HUD CERTIFICATION OF BUYER AND SELLER**

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account
by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
ELS INVESTMENT, LLC

MICHAEL KNIPP, SOLE MEMBER

_____ (Buyer)

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE
UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION
CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18 U.S.
CODE SECTION 1001 AND SECTION 1010.

The HUD-1 is a true and accurate account of this transaction.

1/8/19

Previous editions are obsolete

Item HUD-1 (3/86) ref Handbook 4305.2

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

PAGE 2

**SETTLEMENT STATEMENT**

File Number SA-21861

TitleExpress Settlement System  Printed 08/29/2019 at 17:24 MSS

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **L. SETTLEMENT CHARGES** | | |
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $75,000.00 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $                to | | |
| 702. $                to | | |
| 703. Commission paid at Settlement | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee          % | | |
| 803. Loan Discount          % | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. | | |
| 806. | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From        to        @$        /day | | |
| 902. Mortgage Insurance Premium for        to | | |
| 903. Hazard Insurance Premium for        to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance        mo. @ $        /mo | | |
| 1002. Mortgage Insurance        mo. @ $        /mo | | |
| 1003. City Property Tax        mo. @ $        /mo | | |
| 1004. County Property Tax        mo. @ $        /mo | | |
| 1005. School taxes        mo. @ $        /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee | | |
| 1102. Reimburse w/s printout        to  Statewide Abstract Group, Inc | | |
| 1103. Title Examination | | 5.00 |
| 1104. Title Insurance Binder | | |
| 1105. Deed Preparation        to  Statewide Abstract Group, Inc | 70.00 | |
| 1106. Notary Fees        to  Statewide Abstract Group, Inc | 10.00 | 15.00 |
| 1107. Attorney's fees | | |
| (includes above items No: | | |
| 1108. Title Insurance        to  Statewide Abstract Group, Inc            ) | | |
| (includes above items No:                            ) | 868.25 | |
| 1109. Lender's Policy | | |
| 1110. Owner's Policy        75,000.00  - 868.25 | | |
| 1111. FedEx / Wire Fee        to  Statewide Abstract Group, Inc | | |
| 1112. Title Clearance        to  Statewide Abstract Group, Inc | | 25.00 |
| 1113. | | 250.00 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $  256.75          ; Mortgage $        ; Release $ | | |
| 1202. City/County tax/stamps          Deed $ 2,458.50        ; Mortgage $ | 256.75 | |
| 1203. State Tax/stamps          Deed $ 750.00        ; Mortgage $ | 1,229.25 | 1,229.25 |
| 1204.          Deed $        ; Mortgage $ | 375.00 | 375.00 |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. #1 CE-1506320026        to  Satisfied | | |
| 1302. 4&6 CE1704330211/CE1711330027 to  PAID on SA-21870 | | |
| 1303. w/s thru 2019-8th cycle        to  City of Philadelphia | | |
| 1304. Muni 292/509/092/368/067        to  City of Philadelphia | | 6,691.87 |
| 1305. 2011-2019 Re Tax (Sept)        to  City of Philadelphia | | 775.57 |
| 1306. w/s srvc 8/3 - 8/30        to  Water Revenue Bureau | | 13,055.42 |
| 1307. w/s usage reading 2160 NO Adj        to  Water Revenue Bureau | | 25.92 |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES**        (enter on lines 103, Section J and 502, Section K) | 2,809.25 | 22,448.03 |

**HUD CERTIFICATION OF BUYER AND SELLER**

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

TBD

APPROVED ITEM?

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Philadelphia, PA 19104

| Certified Mail Fee | $3.75 |
|---|---|

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $0.00
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $

| Postage | $8.70 |
|---|---|

Total Postage and Fees
$   $15.50

Sent To  City of Philadelphia et al.
Street and Apt. No., or PO Box No.  1515 Arch Street, 5Fl
City, State, ZIP+4®  Philadelphia PA 19102

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0700 0000 0859 1035

# PRIORITY
## ★ MAIL ★

**UNITED STATES**
**POSTAL SERVICE** ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

**FROM:**

Abraham Ituah
4-19 W. Godfrey Avenue
Philadelphia PA 19120

**TO:**

The Clerk
United States Court of Appeal for
The Third Circuit
601 Market Street
Philadelphia PA 19106

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE